Parsons, C. J.
After hearing the parties, it is our opinion that this action is maintainable by the plaintiff. When the decree passed, he might have sued this action, if the defendant refused to obey the decree; and unless they had a sufficient reason for not obeying the decree, the plaintiff might have recovered. As a want of assets in their hands was no legal objection to settling the administration account, yet as their intestate might have died insolvent, of this insolvency, in some form, they might avail * themselves. In this action, therefore, the defendants [ * 393 ] might have pleaded no assets, if the fact would have supported them; and by not pleading it, they must be considered as having assets.
The consideration that a want of assets would have been a good plea, sufficiently evinces the legal propriety ol this action being sued against the defendants as administrators, notwithstanding the decree is against them. In the same manner, if judgment be recovered against administrators on cognovit actionem which does not confess assets, an action of debt on this judgment must be sued against them as administrators, in which they may plead no assets, or, if they have assets, that they may, in their administration account, charge the estate with the payment of such judgment.
The judgment upon the administration bond is no bar to this action, being merely a cumulative remedy, by the stipulation of the sureties ; and a judgment in a suit, where the action is given as a remedy merely cumulative, is no bar, unless such judgment has been satisfied ; for, although there may be two remedies, there can be but one satisfaction. The plaintiff, having formerly sued the bond, has not barred himself of this action, as the bond remains wholly unsatisfied.
There are cases in which an action on the bond may be the most effectual remedy. The administrator, if living, may have no property; or he may die without leaving any ; in either of which cases, the surety might be compelled to satisfy any damages arising from a breach of the condition of the bond by his principal.
If satisfaction be obtained on the bond for the injury in not obeying the decree, debt cannot afterwards be maintained on the decree. So, after the defendants have obeyed this decree, or satisfied the judgment which may be recovered against them in the present action, the plaintiff cannot maintain scire facias on the judgment which has been rendered on the bond, unless for damages otherwise * accruing than from refusing to [ * 394 j perform the decree. The plea in bar is, therefore, in our opinion, bad, and no answer to the plaintiff’s declaration.
King and Emery for the plaintiff.
Mellen and Dane for the defendants.
After this opinion was given, the Court inquired why execution was not awarded in the suit upon the bond; and it was said that, as the sum decreed was to be distributed when recovered, and as the defendants were entitled to a distributive share, execution was suspended until their proportion might be settled, and deducted from the amount of the decree in a new account.
The Court then observed that there must have been some mistake or misapprehension; for the present plaintiff ought not to settle another administration account, charging himself with this balance, before he received it; and that the only regular way in which a distribution could be decreed, was the payment of this balance to the plaintiff, and then a distribution of it, upon his charging himself with it in a new account. But if the parties would agree, it might now be done by the entry of a special judgment. The parties thereupon agreed to a special judgment, which was rendered by consent.