ORANGE,
February,
1832.

JOHN L. WOODS, *Administrator* OF WILLIAM EAMES, *vs.* PET-
TIS, TARBILL & Co.

Where a claim is wholly founded upon a matter of record, and exists only as a mat-
ter of record, the action to recover it must be debt and not assumpsit.

Assumpsit will not lie to recover a sum found due by the commissioners appointed to
examine and adjust the claims against an insolvent estate.

This was an action of *assumpsit*, brought to recover a sum found
due against the defendants by the commissioners appointed to re-
ceive, examine and adjust, the claims against the estate of *Wil-
liam Eames*, and the claims exhibited in offset thereto. The
declaration also contained a count for goods sold and delivered to
the defendants, in the life time of *Eames*. The action was com-
menced before a justice of the peace, where the defendants
pleaded in offset a claim on book account against *Eames*; and a
judgement was rendered against the plaintiff for a small balance.
The plaintiff appealed to the county court, where a judgement
was rendered for the plaintiff for the amount found due to the
estate by the commissioners. The defendants moved that the
judgement be arrested on the ground that the action should
have been debt, and not assumpsit. The court arrested the judge-
ment : whereupon the plaintiff excepted, and brought the case up
to this Court for a revision of that judgement.

WILLIAMS, J., delivered the opinion of the Court.—The de-
fendants having a claim against the estate of *William Eames*, to
which the plaintiff was administrator, presented the same for al-
lowance to the commissioners appointed to receive, examine and
adjust the claims of the creditors to the said estate. The com-
missioners on examination of the claims, both for and against the
estate, found a balance due to the estate from the defendants.
The commissioners made their return to the court of probate of
the claims by them allowed, both for and against the estate, inclu-
ding, among others, the demand in favor of the estate against these
defendants. No appeal was taken from their determination, and
the plaintiff, as administrator, commenced this action of assumpsit
to recover the sum found due as aforesaid, as well as other sums,
which he claimed to be due from the defendants to the estate. A
verdict having been found for the plaintiff, for the sum found due
by the commissioners, the defendant filed a motion in arrest,
and the judgement was arrested in the county court for the insuffi-
ciency of the declaration. Exceptions were taken to the decision
of the county court, arresting the judgement, and the cause has

ORAGE;
February;
1832.

Woods, admr.
vs.
Pettis et al.

come to this *Court*.   Several questions have been raised in the cause, which the court have not considered, as we are of opinion that the county court decided correctly in arresting the judgement, and their decision must be affirmed.

By this finding of the commissioners, all claims existing between the defendants and the said *William Eames*, at the time of his decease, were adjusted, and were merged in the sum found by the commissioners.   No claim could be made thereafter for any demands existing in the life time of *Eames*, either by the administrator, or the creditor, except to collect the sum found due, and adjusted by the commissioners.   Hence the plaintiff could only bring a proper action to recover the sum found due to the estate, of which he was an administrator; and the question here to be determined is, whether assumpsit is the proper action in such a case.

We are sensible there are many cases, where either debt or assumpsit may be brought; but when the claim is wholly founded upon a matter of record, and exists only as a matter of record, the action to recover it must be debt, and cannot be assumpsit.   The probate courts are expressly declared to be courts of record in this state, and are required to have a seal, and to keep a true and fair record of each order, sentence, and decree of said court, and of all things proper to be recorded.   The evidence of this claim in favor of the plaintiff existed in the records of the probate court, and the claim arises wholly therefrom.   The record is conclusive between the parties.   No evidence can be admitted to controvert it.   When produced, it is not evidence to be left to the jury; but the court must determine upon it as a matter of record, and no plea or issue could be formed which would refer it to a jury to determine upon its effects.

In any action which might be brought to recover it, *nul tiel record* would be a proper plea.   If there was no such record, the plaintiff has no claim against the defendants for the sum sought to be recovered.   If there is, he has a claim, which cannot be defended against by any thing arising anterior to the acceptance of the report of the commissioners.   The action for this claim should have been debt, with a profert of the record, and assumpsit cannot be maintained.

The judgement of the county court must, therefore, be affirmed; and the defendants will be entitled to their costs accruing in this Court; but none in the court below.

*Underwood*, for plaintiff.

*Burbank*, for defendant.