#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF GRAFTON, JULY TERM,

#### A. D. 1837.

---

## THE JUDGE OF PROBATE *vs.* W. T. HEYDOCK and others.

Where the whole penalty of a bond has become a debt, which the obligors unjustly detain, the obligee is entitled to recover interest upon the penalty, during the time it was detained.

The sureties in an administration bond are liable for the proceeds of lands in another state, with which the principal has been charged on the settlement of his administration account in this state.

An administrator *de bonis non*, or a creditor of the estate, is under no obligation to active diligence to enforce his claim against the estate of the original executor, on his administration bond; and it is no defence to an action on such bond, against the sureties, that the claim was not presented to the administrator on the estate of the original executor within two years from the grant of his administration.

Where an action is commenced on an administration bond, and a breach of the condition is found, or admitted, execution may be awarded, upon a hearing in chancery, for money, the non-payment of which could not have been given in evidence to support the action at law. Thus—

Where an action was brought in the name of the judge of probate, against an executor, and his sureties, and a breach of the condition was acknowledged, and a motion made to be heard in chancery, after which the executor's account was settled in the probate court, and he died---it was *held*, that the administrator *de bonis non* had a legal claim to the balance left in the hands of the executor, on such settlement, and might have execution for it, or so much of it as the bond was sufficient to cover, on the hearing in chancery, (unless it was shown that it had been reduced by farther payments in the course of the administration,) and that no decree of the judge of probate ordering such balance to be paid to the administrator *de bonis non* was necessary, under such circumstances, for that purpose.

J. of Probate
*vs.*
Heydock & als.

An administration bond is not discharged by an accounting for monies to the amount of the penalty. Payments made by an executor, or administrator, in the due course of administration, are to be applied to diminish the balance in his hands, and the bond stands as a security for such balance.

DEBT upon a bond, dated May 27, 1825, in the sum of $3000, with condition that W. T. Heydock should faithfully discharge the duties of executor of the last will of Martha Porter.

The suit was commenced prior to March, 1834.

The defendants acknowledged the forfeiture of the bond, and prayed to be heard in chancery.

On the hearing it appeared that Martha Porter, at the time of her decease, had her domicil in this state. After the probate of her will in this state, by Heydock, the executor, she having died seized and possessed of real and personal estate in Vermont, he took out letters of administration, with the will annexed, in that state.

On the 8th March, 1834, Heydock's account of his administration in Vermont was settled by the supreme court of probate in that state, and a balance of $7145.33 found in his hands; and thereupon that court ordered that Heydock should pay said sum to such persons and in such proportions as the probate court in this state, where the will was originally proved and allowed, should designate and direct.

Of the balance thus found in Heydock's hands by the supreme court of probate in Vermont, the sum of $6855.76 was the proceeds of real estate in Vermont, which had been sold by Heydock.

At the July term of this court here, in 1835, on an appeal from a decree of the judge of probate in this county, charging the said executor with the said sum of $7145.33 on the settlement of his account, the said W. T. Heydock having died before that term, and Charles B. Hadduck, administrator of the estate of the said W. T. Heydock, having become a party to the proceedings, the said decree of the judge of probate was affirmed.

The administrator *de bonis non* of the estate of the said Martha Porter having regularly become a party to this suit, moved the court to award execution against the defendants, W. T. Heydock's sureties in the probate bond, for $3000, the amount of the bond, and also the interest, for the benefit of those who might be interested in said estate.

On the part of the defendants it was objected, that execution could not legally be awarded against them for any sum beyond the sum mentioned in the bond. They also insisted that, being sureties, they were not liable for the proceeds of the real estate in Vermont which had been sold by Heydock.

And they further contended, that the administrator *de bonis non* of Martha Porter was not entitled to have execution for the sum he claimed, until the balance found in Heydock's hands had been decreed by the judge of probate to be paid to him.

The decree of the judge of probate in this county, which was affirmed upon the appeal here, as before stated, was made on the third Tuesday of April, 1834, and was as follows : That there was due to the estate, in the hands of the executor, $7354.64 ; that the estate was solvent ; and that the executor pay the several creditors named in the list of claims against said estate the full amount of their claims, with interest.

*Britton,* and *J. Smith,* for the plaintiff.

*Bell,* for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.*
We shall, in the first place, consider whether the defendants can be held liable for interest on the sum named in the bond.

It is agreed on all hands that a bond in a particular sum ascertains the extent of the debt of the obligors. But upon

* PARKER, J., did not sit.

the question whether in any case interest may be recovered on a bond, beyond the penalty, there seems to have been some diversity of opinion. 3 *Car. & Pay.* 12, *Hellers* vs. *Ardley ;* 2 *D. & E.* 388, *Lonsdale* vs. *Church ;* 6 *D. & E.* 303, *Wilde* vs. *Clarkson ; Douglas* 49, *White* vs. *Sealy ;* 2 *Bl. R.* 1190, *Brangwin* vs. *Perrot ;* 3 *Cowen* 151, *Clark* vs. *Bush ;* 15 *Mass. R.* 154, *Warner* vs. *Thurlo ;* 1 *East* 436, *McClure* vs. *Dunkin ; Ryan & Moody* 105, *Francis* vs. *Wilson ;* 1 *Mass. R.* 308, *Harris* vs. *Clap ;* 1 *Gallison* 348, *United States* vs. *Arnold.*

Upon principle, however, there seems to be no sound reason why the obligee should not, where the whole penalty has become a debt, which the obligors unjustly detain, recover the penalty, and interest upon it during all the time it may have been so detained. And the better opinion seems to be in favor of allowing interest on the penalty to this extent.

We are, therefore, of opinion that execution may be awarded against the defendants for the amount of the penalty of the bond, and interest upon it from the 8th March, 1834.

The next question is, whether these defendants, being sureties only, are liable for the proceeds of the lands in Vermont, with which the principal has been charged on the settlement of his accounts in this state ?

We have decided, upon a mature consideration of the subject, that Heydock was bound to account for those proceeds in this state ? The final settlement of the estate must be made here : the administration in Vermont was merely auxiliary. And Heydock having been charged here in the probate court with those proceeds, they seem to stand on the same ground as any other money that may have come to his hands. Nor do we perceive that the case is in any respect different from what it would have been, had some other person been appointed administrator in Vermont, and, having sold land there, had been ordered by the courts of Vermont to pay over the proceeds to the executor here, and had actu-

ally paid over the money to Heydock. The proceeds of the real estate were money in his hands in Vermont, and he was held there to account for them as money. And when he had been ordered there to pay them to such persons and in such proportions as the courts here might direct, they became money in his hands here, for which he was bound to account—the principal administration having been granted in this state. And if he wasted or misapplied those proceeds, it was as much a breach of his duty as executor, as if he had wasted or misapplied any other money belonging to the estate. He was bound to administer all the estate for which he was accountable here, wherever it might have been found, or by whatever means it might have been collected, according to law.

In order to determine the liability of the sureties in this case, we must advert to the nature of the contract into which they entered. That contract is found in the condition of the bond on which this action is founded. Now, among other things, one clause in the condition is that Heydock shall administer the estate of the testatrix according to law. This must mean all the estate of the testatrix which shall come to his hands and for which he shall be adjudged accountable in the probate court. The bond was intended as a security to those who were interested in the estate against any breach of duty on the part of the executor. And whatever is to be deemed unfaithful administration is in general a breach of the condition of the bond, for which the sureties are responsible.

It is very probable that these sureties did not anticipate, at the time they put their names to the bond, that Heydock would ever have in his hands a large sum of money arising from the sale of real estate in Vermont, for which he would be held to account here as executor. But their liability cannot be limited by that consideration. Large sums of money may, and probably often do, come into the hands of executors and administrators, which their sureties never an-

ticipated. But nobody seems ever to have supposed that they were not responsible, if the executors or administrators misapplied or wasted such moneys.

The proceeds of the sale of the real estate in Vermont were considered by the courts of that state as money in Heydock's hands, for which he was bound to account as administrator; and their decision upon the subject is final and conclusive. We must presume that he was rightfully and justly charged there for the balance which the supreme court of Vermont ordered to be paid according to the directions of the courts here. And the administration there being auxiliary to the administration here, it was according to the common and ordinary course of proceeding in such cases, to order Heydock to account here for any balance found in his hands on the final adjustment of his accounts there. The distribution of such balance among the creditors, legatees and heirs, properly belonged to the courts of this state. What had been real estate in Vermont legally became money here in the hands of the executor, to be distributed according to law. On what ground, then, are the sureties to be held not responsible, if that money has been wasted by the executor?

It is objected, that the demand was not exhibited to C. B. Hadduck, the administrator of W. T. Heydock, within two years after the grant of administration on the estate, and that so the estate of W. T. Heydock is discharged, and also these defendants, and *Gookin, J. P.*, vs. *Sanborn*, 3 *N.H. R.* 491, is cited to support this ground of defence.

But the case cited does not apply. If these defendants had been the bondsmen of C. B. Hadduck it would have been in point. But they are not. They are the sureties of W. T. Heydock.

The case of *Sibley* vs. *McAllaster, ex'r, ante* 389, applies here. It was there decided that when there is a surety a creditor is under no obligation to active diligence to enforce

his claim against the estate of his deceased principal debtor; and although he do not exhibit the claim in two years, the surety is not discharged.

So here, there is no obligation of active diligence to obtain payment of the estate of W. T. Heydock.

The next question to be considered is, whether execution can now be awarded against these sureties for the balance found in Heydock's hands on the adjustment of his account in the court of probate?

It has been settled that a suit may be maintained upon a probate bond, for the particular benefit of an individual interested in the estate, in the following instances :

1. When an executor or administrator, having assets, and being by law bound to pay a debt, neglects or refuses to pay it when demanded.

2. When an executor or administrator refuses or neglects to pay any sum ordered by the judge of probate to be paid to a creditor or heir.

3. When an executor neglects to pay on demand a legacy which he is bound by law to pay. 3 *N. H. R.* 392, *Gookin* vs. *Hoit;* 1 *Salk.* 315, *Archbishop of Canterbury* vs. *Wills; Cowper* 140.

In this case, the administrator *de bonis non* of the estate of Martha Porter seeks to recover the balance from the executor of her will on the settlement of his account. The question is not, whether the non-payment of the balance which was left in the hands of the executor, is a breach of the condition of this bond ; but whether the administrator *de bonis non* is in equity entitled to have execution for that balance against these defendants. There are cases where, in an action on a probate bond, execution may be awarded for money, the non-payment of which could never have been a breach of the condition. Thus in *Hooker* vs. *Olmstead,* 6 *Pick.* 481, it was held, that in an action on an administration bond, on a hearing in chancery, execution might be

J. of Probate
*vs.*
Heydock.

awarded for money received by the administrator since the commencement of the suit.

And in *Gookin* vs. *Hoit*, 3 *N. H. R.* 392, execution was awarded for a sum, the non-payment of which would not probably have been adjudged, under the circumstances, a breach of the condition of the bond.

It is exceedingly clear, that the administrator *de bonis non* has in this case a legal claim to the balance left in Heydock's hands. 3 *Addams' Eccl. R.* 68, *Devey* vs. *Edwards;* 8 *B. & C.* 151, *Archbishop of Canterbury* vs. *Tappen;* 1 *Haggard* 139, *in the goods of Joseph Hall;* 6 *Mass. R.* 390, *Storer* vs. *Storer;* 1 *Paige's Chancery R.* 537, *Foster* vs. *Wilbur.*

What sum was in his hands at the time of his death does not appear. He may have paid something after the decree in the probate court, in 1834, from which he appealed, and before his decease. But as more than $6000 of the sum with which he was charged by that decree remained in controversy on the appeal until after his decease, it is in the highest degree improbable that he should, by any payment made during the pendency of the appeal, have reduced the balance with which he was ultimately charged below the sum for which execution can be awarded on this bond.

Regularly, his account should be adjusted by his administrator, if any thing remains to be adjusted; and the balance in favor of the estate of Martha Porter should be ordered to be paid to the administrator *de bonis non.* 2 *Greenleaf* 75, *Nowell* vs. *Nowell;* 6 *Mass. R.* 390, *Storer* vs. *Storer.*

That balance should be paid out of the estate of Heydock. But those who are interested in the estate of Martha Porter are under no obligation of active diligence to obtain the money from that source. It is the duty of these sureties to see the balance paid; and they must look to Heydock's estate for their indemnity. *Sibley* vs. *McAllaster, ante,* 389.

The decree of the judge of probate, charging Heydock with $7354.64 as the balance in his hands, was made in 1834, in the month of April, and was affirmed in this court in July, 1835, previous to which time Heydock had died. This suit was pending long before the death of Heydock; and it is now more than two years since that balance was found in his hands. If Heydock had any claim against the estate, to meet that balance, his administrator and his sureties have had ample time to have it adjusted and applied, to reduce the amount with which he was charged. And we are of opinion that, under the circumstances of this case, the balance found by the judge of probate may be very safely presumed to have been the balance in Heydock's hands at the time of his death, until the contrary is shown.

And we are of opinion, that no decree of the judge of probate, ordering the balance due from Heydock's estate to be paid to the administrator *de bonis non* of Martha Porter's estate, is necessary to entitle the administrator *de bonis non* to the award of execution he claims in this case. The law gives to him, and to him alone, a title to that balance.

It has been insisted, that certain payments made by Heydock ought to be applied in satisfaction of the penalty of this bond, and go to reduce the sum for which execution is to be awarded. But an official bond given to the judge of probate for the good conduct of an executor, is not discharged by a faithful accounting for monies to the amount of the penalty, but stands good as a security for losses and defalcations to that amount. 7 *Greenleaf* 302, *Potter* vs. *Titcomb.*

Payments made by Heydock in the course of his administration could only be applied to diminish the balance in his hands. They cannot be applied in discharge of the penalty of the bond. The bond was intended as a security for the money which might remain in his hands, instead of being paid over to those to whom it justly belonged.