† WASS, *Administrator, versus* BUCKNAM, *Executor.*

For a creditor's proportion of a sum of money found due from an executor on
the settlement of his account with the Judge of Probate, under the decree
of that Court, *assumpsit* will not lie.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, to recover of defendant $31,21, that sum being
plaintiff's proportion of the amount in defendant's hands, as
executor, &c., and due to the creditors of the testator on
the settlement of his account of administration, as appear-
ed from a decree of the Probate Court. A larger sum was
allowed plaintiff's intestate by the commissioners.

The defendant demurred to the declaration, and alleged
that the cause of action, if any, should be set forth under
the plea of *debt* and not under the plea of *assumpsit.* Issue
was joined thereon.

It was agreed, that if the declaration is adjudged good a
default is to be entered, otherwise a nonsuit.

*P. Thacher*, in support of the demurrer, cited *Storer* v.
*Storer*, 6 Mass. 390. *Dubois* v. *Dubois*, 6 Cowen, 494;
*McKeen* v. *Odom*, 12 Maine, 94; *Rice* v. *Barre Turnpike
Corporation*, 4 Pick. 130; *Howard* v. *Howard*, 15 Mass.
196.

*G. F. Talbot, contra.*

The general principle is, that the law implies a promise
to pay whenever there is a legal or equitable obligation to
pay. *Hawkes* v. *Saunders*, Cow. 290. Here the defendant
had assets in his hands which he was required to distribute.

Besides, the plaintiff's claim is due by installments, and
where a sum is payable in that way assumpsit lies, though
the whole sum may be recovered in debt.

An ordinary distribution lacks several essentials of a

Wass *v.* Bucknam.

judgment. It results from a settlement of the administrator's account alone, and not from an adjustment and proof of claims; it is a mere computation of the register, and not by a discretion of the Court.

APPLETON, J. — The mode provided by statute for the recovery of the dividend on an insolvent estate, when the administrator or executor, upon demand, neglects or refuses to pay, is by suit upon the administration bond, for the benefit of all who may be interested. R. S., c. 113, § 10.

It has likewise been decided that debt may be maintained upon the decree of distribution, of the Judge of Probate, and that a judgment upon the administration bond is no bar to this remedy, it being merely a cumulative remedy, by the stipulation of sureties. *Storer* v. *Storer*, 6 Mass. 390. So it was held in New York, that debt might be maintained on the decree of a surrogate for the payment of money. *Dubois* v. *Dubois*, 6 Cow. 494. It likewise lies upon the order of a Court of Sessions. *Rice* v. *Barre Turnpike Co.* 4 Pick. 130.

The action of assumpsit lies when a party claims damages for breach of simple contract; that is, a promise not under seal. "It is a remedy by which a compensation in damages may be recovered commensurate with the injury sustained by the breach or violation of any contract, not under seal or of record, whether express or implied, written or verbal, for the payment of money, or for the performance or omission of any other act." 2 Petersd. Abr. 414. The question here presented came before the Supreme Court of Vermont, in *Woods* v. *Pettes*, 4 Verm. 556, in which case it was held that assumpsit would not lie to recover a sum found due by the commissioners appointed to examine and adjust the claims against an insolvent estate, but that debt was the proper form of action.

This suit is not maintainable and a nonsuit must be entered. *Plaintiff nonsuit.*