Per Curiam.

It was decided, in the case of Harris vs. Clap & Al., that, in a suit upon a bond, damages may be recovered beyond the penalty, so as not to exceed interest on the penalty from the commencement of the action. Further than that, no case decided in this commonwealth will be found to have gone; and by the latest decisions in England, it seems that nothing beyond the penalty can be recovered.
The surety in a bond may be supposed to know that he is responsible, to the amount of the penalty and the interest, provided a breach of the condition will amount to so much in damages; add he cannot complain of the legal consequences of his contract. But to extend his liability further, would be to make a contract for him to which he never assented, (a)

 Vide Carter vs. Carter, 4 Day's R. 30. — United States vs. Arnold, 1 Gall. 360. — M'Clure vs. Dunkin, 1 East, 437. — Hefford vs. Alger, 1 Taunt. 218.— Wild vs. Clarkson, 6 D. & E. 303.— Goldhawk vs. Duane, 2 Wash. C. C. R. 323. — Bank of United States vs. M'Gill, 1 Paine, 661. — Rushforth, Ex parte, 10 Ves. 409. — Sed vide Lonsdale vs. Church, 2 D. & E. 338. — United States vs. Arnold, 9 Cranch, 184. — Francis vs. Wilson, 1 R. & M 105. — Where the obligee is plaintiff, equity in general will not carry the debt beyond the penalty, he having made himself the judge of his recompense.— See 1 Vern. 360. — 1 Salk. 254. — 2 Vern. 509. — 2 Br. P. C. 409. — 1 Atk. 75. — 3 Br. Ch. C. 489—496. — Dick. 305, 408, 514. — 2 Anstr. 525. — 3 Ves. 557. — 4 Ves. 329. —But it seems to be otherwise where the obligee is defendant; as then the maxim will apply, that he who seeks equity must do equity. — 1 Equ. C. Ab. 92, pl. 7. — And equity will, under special circumstances, carry a debt beyond the penalty, as where a man is kept out of his money by an injunction, or is prevented from going on at law; (see Show. P. C. 251;) or where a bond is only taken as collateral security; (2 Br. P. C. 338;) or when the recovery of the debt is delayed by the obligor; (see 6 Ves. 192;) or there are sotne other special circumstances. — See 6 Ves. 416.