### Mower and wife *vs.* Kip and others.

The revival of a judgment by *scire facias* within ten years after the docketing thereof, will not continue or extend the lien of the judgment beyond the ten years, as against purchasers or incumbrancers whose rights accrued subsequent to the entry of the original judgment.

Chancery gives effect to the lien of a judgment, as against subsequent purchasers or incumbrancers, upon a legal title, only so far as such lien could be enforced by execution at law.  And the court, therefore, will not extend the lien to the interest due on a judgment, upon which no interest can be collected by execution at law, although in a suit upon the judgment the creditor would be entitled to recover interest by way of damages.

As a general rule, the surety in a bond is not liable beyond the amount of the penalty, although the principal and interest due by the condition of the bond exceeds that amount.  But it seems that interest, by way of damages for the detention of the debt during the time the defendant delays its collection by an improper or protracted litigation, may be recovered even as against a surety.

Where a debt is secured by a bond and mortgage, the mortgagee has a lien upon the land for the whole amount of the principal and intererest due,

according to the condition of the mortgage, although such amount exceeds the penalty of the bond.

Upon a money bond given by a principal debtor, the obligor is both legally and equitably liable for the whole amount of the principal and interest secured by the condition of the bond, although such amount exceeds the penalty of the bond.

1836.

Mower
v.
Kip.

THIS case came before the chancellor upon an appeal by the complainants, and upon a cross appeal by J. J. Rosevelt, one of the defendants, from a decree of the vice chancellor of the first circuit. The controversy related to the manner of distributing the proceeds of the sale of mortgaged premises, which had been sold under a decree of foreclosure in this suit ; and as to the amount of such proceeds, to which the appellants were respectively entitled, as against each other, and as against the other parties in the suit. The appellant, J. J. Rosevelt, was a judgment creditor of Cornelius Kip, the mortgagor, for $2,279,49. His judgment was recovered before the giving of the mortgage, and before the passing of the act of April, 1813 authorizing the collection of interest upon executions on judgments thereafter to be recovered in suits upon contracts. (*R. L. of* 1813, *p.* 506.) The judgment was revived by *scire facias*, in 1821, more than ten years before the filing of the bill of foreclosure. The mortgage was given in May, 1813, by Cornelius Kip and wife to Mary Kip, now the wife of the complainant, J. B. Mower, to secure the payment of $1,650, with interest, on or before the first of June thereafter, in the manner mentioned in the condition of a bond, in the penal sum of $3,300, given to the mortgagee by C. Kip for the payment of the same debt. In 1816, C. Kip, the mortgagor, was discharged under the insolvent act, and all his interest in the mortgaged premises was transferred to S. Jones, his general assignee under the statute, for the benefit of his creditors. C. Kip afterwards died, leaving his widow, Susan Kip, one of the respondents, him surviving, and entitled to dower in the premises, subject to the complainants mortgage. The amount of the principal and interest due, according to the condition of the mortgage and the bond, exceeded the amount of the penalty of the bond ; and the vice chancellor deci-

April 19.

ded and decreed, that the complainants were only entitled to payment out of the proceeds of the sale of the mortgaged premises to the extent of the penalty of their bond, and the costs of foreclosure. From this part of the decree, the complainants appealed. The vice chancellor also decided and decreed, that the lien of the judgment must be postponed to that of the complainants, by virtue of their mortgage, and to the widow's claim of dower in the surplus. And that Rosevelt, the owner of the judgment, was entitled to priority of payment, out of the proceeds of the sale, over S. Jones, the assignee under the insolvent act ; but that he had no lien for interest on his judgment. Rosevelt appealed from so much of the decree as postponed the lien of his judgment to the lien of the complainants' mortgage, and from that part of the decree which declared that he was not entitled to the payment of interest on his judgment.

*C. O'Connor*, for the complainants.

*J. J. Rosevelt*, for the appellant Rosevelt.

*D. S. Jones*, for Susan Kip and other defendants.

THE CHANCELLOR. There can be no doubt as to the correctness of the vice chancellor's decision that the defendant Rosevelt lost his legal priority over the mortgagee, by his neglect to enforce the lien of his judgment within the ten years. The opinion of Mr. Justice Sutherland in *Little* v. *Harvey*, referred to by the vice chancellor, (2 *Edw. Ch. Rep.* 169,) has since been sustained by a decision of this court, upon the point which is now under consideration. (See *Pettit* v. *Shepherd*, 5 *Paige's Rep.* 493.) The revival of the judgment by *scire facias*, within the ten years, could not have the effect to continue the lien as against bona fide purchasers or incumbrancers whose rights or liens had accrued after the docketing of the original judgment. The object of a *scire facias* is not to extend or continue the lien of the judgment, but to enable the plaintiff to enforce his lien by execution. Besides, in this case, it appears that

1836.

Mower
v.
Kip.

more than ten years had elapsed after the revival of the judgment before the filing of the complainants bill; so that if the *scire facias* could have had the legal effect to extend the original lien of the judgment beyond the ten years, as against the complainants mortgage, the lien was lost by the subsequent neglect of Rosevelt to enforce that lien within the ten years after the judgment upon the *scire facias.*

The judgment never was a lien upon the land for any thing more than the nominal amount thereof, without interest. The rule of this court is to give effect to the lien of a judgment upon a legal title, so far as it could be enforced by execution at law. And where interest can be levied upon the execution, the judgment creditor is entitled to a preference over subsequent liens and the general creditors of the defendant in the judgment; but he is not entitled to a lien for interest upon a judgment which does not draw interest; although he may, in a suit upon the judgment, recover interest by way of damages. (*Trustall* v. *Trappes,* 3 *Sim. Rep.* 299. *De La Vergne* v. *Evertson,* 1 *Paige's Rep.* 182.) So much of the decree of the vice chancellor as is appealed from by Rosevelt must be affirmed, with costs, to be paid by the appellant.

The appeal of the complainants presents the question whether a mortgagee can enforce the lien of his mortgage beyond the penalty of the bond, where the amount of principal and interest actually due exceeds that sum. This question does not appear to have been judicially settled in any of the courts of this country, except in the state of Massachusetts; and but one or two cases are to be found in the English reports where the precise question has arisen, although the books are full of conflicting decisions as to the right of the obligee in a bond, in other cases, to recover interest beyond the penalty. There appears to be a well settled rule in the court of chancery in England, that in the taking an account of an insolvent estate, upon an ordinary creditor's bill, the master is not to allow interest beyond the penalty of the bond, in favor of the specialty creditors, either as against the estate of a surety, or of the principal debtor. But the question appears to be unsettled there,

whether any thing beyond the penalty can be recovered against the principal or the surety in an indemnity bond for the performance of covenants. From an examination, however, of all the cases on this subject, I think it may be considered as the settled law in this state, that as aganist the surety in a bond, the obligee cannot, in an action upon such bond, recover any thing more than the penalty of the bond, with interest thereon from the time when a personal demand was made upon such surety for payment. There is a technical right to recover interest upon a money bond beyond the penalty, by way of damages for the detention of the debt. If, therefore, the surety should delay the collection of the debt by an unreasonable protracted litigation, it might be proper to direct the jury to find damages to the extent of the interest which had accrued during such unreasonable and improper delay. (*Warner* v. *Thurlo*, 15 *Mass. R.* 154.) But as a general rule, the surety can only be considered as covenanting for the payment of the penalty of the bond, if the condition thereof is not performed by the principal debtor.

Such a limitation of liability, however, is not applicable to the principal debtor in a money bond. As to him, the amount secured by the condition of the bond is the real debt, which he is both legally and equitably bound to pay; and if he neglects to pay the money when it becomes due, there is no rule of justice or of common sense which should excuse him from the payment of the whole amount of the principal and interest, whether it be more or less than the formal penalty of the bond. I think also, upon examination, it will be found that there is no technical difficulty in recovering a judgment at law, upon the bond, which will be sufficient in amount to enable the plaintiff to levy the whole of the debt and interest and costs, justly due him by an execution upon such judgment. By the common law, the plaintiff, in an action upon a penal bond, is entitled to recover damages for the detention of the debt, beyond the amount of the penalty of the bond. And although the damages usually recovered in such cases are merely nominal, as the penalty of the bond is generally sufficient to cover the

sum actually due with the interest thereon, yet the amount of such damages may be increased by the jury upon a trial, or added to the damages and costs upon taxation where there is a judgment by default, whenever the justice of the case requires the judgment to be entered in that form. (*Moffath* v. *Barnes*, 3 *Caines*, 49, *n*; *Holdipp* v. *Otway*, 7 *Term Rep.* 447, *n*.) I admit there are conflicting decisions on this subject in the English courts; but the last one which I have been able to find is in favor of allowing interest beyond the penalty of the bond, by way of damages for the detention of the debt, to the extent, if necessary, of the damages laid in the plaintiffs declaration. (*Francis* v. *Wilson, Ryan & Moody's Rep.* 105. *See also Lord Lonsdall* v. *Church*, 2 *Term Rep.* 388.) The general current of the American cases is in favor of allowing interest by way of damages, beyond the penalty; and in many cases, this principle has been extended to the case of a surety. (*See United States* v. *Arnold*, 1 *Gall. Rep.* 348; *Harris* v. *Clapp*, 1 *Mass. Rep.* 308; *Perit* v. *Wallis*, 2 *Dall.* 252; *State of Maryland* v. *Wayman*, 2 *Gill & John.* 254; *Tennant's ex'rs* v. *Gray*, 5 *Munf. Rep.* 494.) This question appears to have been deliberately settled by the supreme court of this state, as early as 1805, in the case of *Smedes* v. *Houghtaling*, (3 *Caines' Rep.* 48.) Kent, C. J., there says: " On a review of all the decisions on this subject, the court think this rule ought to be adopted: that interest is recoverable beyond the penalty of the bond; but that the recovery depends upon principles of law, and is not an arbitrary *ad libitum* discretion in the jury." This case was not overruled in the subsequent case of *Clark* v. *Bush*, in the same court, (3 *Cow. Rep.* 151;) although it appears to have been overlooked by the learned chief justice in his very elaborate examination of the cases on this subject, as it was not referred to by either of the counsel, and is not alluded to in his opinion. The question which the chief justice was examining, and the only one upon which any definite opinion was expressed by him in the case of *Clark* v. *Bush*, was, whether a surety in a mere bond of indemnity, given by him for the benefit of another person, was chargeable beyond

the penalty of his bond; and the conclusion at which he arrived in that case, was unquestionably correct. That decision, therefore, did not conflict in any manner with the former decision of the court, that the principal debtor in a money bond may be charged with the money which is actually due, with interest thereon from the time it became due, although the amount of such debt and interest may exceed the nominal amount of the penalty of the bond.

Even if I am wrong in the conclusion at which I have arrived in this case, that the whole amount of the principal and interest due to the complainants could have been recovered in an action of debt upon the bond of the mortgagor, still it appears to be perfectly well settled, even in England, that interest may be recovered by the mortgagee, upon his mortgage, beyond the penalty of a bond given as collateral security for the payment of the same debt; and that too as against a surety. This was so held by Sir William Grant, the master of the rolls, in the case of *Clark* v. *Lord Abingdon*, (17 *Ves. Rep.* 106;) and the same principle had long before been settled by a decision of the house of lords upon an appeal from the court of chancery in Ireland. (*Kirwan* v. *Blake*, 4 *Bro. P. C. Toml.* ed. 532. *See also Pitts* v. *Tilden*, 2 *Mass. Rep.* 118.) The case of *Lloyd* v. *Hatchell*, (2 *Anst.* 525,) referred to upon the argument and in the opinion of the vice chancellor, appears to have been entirely mistaken; and when rightly understood, it does not appear to conflict with the decisions of Sir William Grant and of the house of lords, in the cases to which I have referred. The bond, in that case, upon which the court refused to allow interest beyond the penalty, does not appear to have been a bond for the payment of the same debt for which the mortgage was given. The mortgagor had assigned the equity of redemption to the complainants, for the use of his creditors at large, and the bill was filed against the mortgagee in possession, to redeem; and it appears that the latter must have set up a claim for an additional debt, due upon a bond given about the same time with the mortgage, and claimed to be allowed the amount thereof, either as one of the general creditors, or as an off-

set against the rents and profits which he had received during the thirty-three years in which he had been in possession of the mortgaged premises. In the present case, the condition of the mortgage is not to pay the penalty of the bond; but it is in terms to pay the $1,650 mentioned in the condition of the bond, at the time and in the manner mentioned in such condition. The mortgage, therefore, is to secure the payment of a specific sum of money, with the interest thereon, without any reference to the amount of the penalty of the bond which was given to secure the same debt.

Both upon principle and upon authority, therefore, the mortgagees are entitled to the full amount of their debt secured by the mortgage, with the legal interest thereon; and so much of the decree of the vice chancellor as is appealed from by the complainants must be reversed, with costs; which costs must be paid out of the fund raised by the sale of the mortgaged premises, in preference to the payment of the allowance to the widow for her dower, and to the amount due to the defendant Rosevelt, on his judgment.