### LYON *against* CLARK impleaded &c.

In an action upon a bond conditioned to indemnify the obligee against moneys which he may be compelled to pay for a third person, the obligee may recover the moneys he may be compelled so to pay, to the amount of the penalty together with interest upon the amount as damages for the detention.

Such a bond although in form one of indemnity is a bond for the payment of money only, and the obligors although describing themselves as the attorneys of a third person are in no respect sureties.

Where the sum actually due by the condition of a bond without interest equals the penalty, interest can be recovered as damages beyond the penalty.

The apparent conflict in the cases upon the question whether a recovery in debt on a penal bond, can be had beyond the penalty, arises from confounding actions on bonds for the performance of covenants, with actions on bonds for the recovery of money only. In the former class of cases the recovery is generally limited to the amount of the penalty, while in the latter it is not.

An allegation in a declaration that the plaintiff " afterwards to wit," on a day specified paid certain moneys, does not preclude him from showing that the payment was made at an earlier day for the purpose of claiming interest. The allegation of time was immaterial.

This was an action brought in the New York common pleas upon a bond in the penalty of six hundred dollars, made by the defendants to the plaintiff dated March, 16th

1840. The bond recited that a suit was pending in the superior court of the city of New York, in which Arza Banks was plaintiff and Lyon the plaintiff in this action defendant, upon a promissory note due to Banks; that suits had been instituted in the state of Connecticut against Banks as an absconding debtor, and copies of the writs of attachment in those suits served upon Lyon as the factor and debtor of Banks, and that the attaching creditors in those suits claimed to hold Lyon liable for the amount of their debts: that Lyon was willing to pay the defendants in this action " $889·87, due upon the said promissory note as the attorneys or agents of said Banks." It then concluded with a condition, that if the above bounden Horace F. Clark and David P. Hall shall at all times hereafter indemnify and save harmless the said Augustus Lyon from each and every of the above named attaching creditors, against all costs damages and expenses, he, the said Augustus Lyon, may be put to, or shall incur, from and on account, or by reason of any proceedings instituted, or which may hereafter be instituted against the said Augustus Lyon, as such attorney, agent, factor or trustee of said Arza Banks, by any or either of the above named attaching creditors of the said Arza Banks, then the above obligation is to be void and of no effect, otherwise to remain in full force and virtue. On the 18th of November, 1841, judgments were recovered against the plaintiff in the suits commenced in Connecticut by attachment against Banks, which with the expenses thereon amounted to $600. He gave notice thereof to the defendants in this action and demanded payment of the amount. In the declaration it was alleged that the plaintiff "afterwards to wit on the 18th day of December, in the year 1843, paid the said judgments." The cause was tried by a referee. The plaintiff claimed to recover the penalty of the bond with interest thereon. The defendants insisted before the referee, and the only point raised before him was that the plaintiff was not entitled to recover more than the penalty. The referee

decided that the plaintiff was entitled to recover the penalty with interest from November 18th, 1841, to which decision the plaintiff excepted.   The referee reported that " the plaintiff had sustained damages by reason of the breaches in the declaration assigned, for money paid by him as in the declaration alleged, besides and without interest thereon, to six hundred dollars; that the plaintiff ought to recover that amount and interest on the same, from the eighteenth day of November, one thousand eight hundred and forty-one, amounting to the sum of three hundred and seventy-five dollars and seventy-two cents, and therefore that the plaintiff recover of the defendants his said debt to six hundred dollars in form aforesaid demanded, as, also, the further sum of three hundred and seventy-five dollars and seventy-two cents for his damages, which he hath sustained by reason of the detention of the said debt, besides the costs." The court at a general term refused, affirmed the judgment entered upon the report, and the defendant Clark appealed therefrom.

*N. Hill, jr.*, for appellant insisted that the bond was a surety bond: that the payment to the obligors, "as attorneys for Banks," was the same in its legal effect as if made to him personally, and that the recovery on such a bond should be limited to its penalty: but that if interest beyond the penalty was recoverable, it should have been computed only from December, 18th 1843, the day when it was by the declaration alleged that the plaintiff paid the judgments recovered against him: that the allegation in the declaration was material and could not be disregarded, and if incorrect the plaintiff should have had it amended: that this point was taken at the general term and that no opportunity was afforded to the defendants to raise it at any previous stage of the case, the only question before the referee being whether he should allow any interest at all, and the defendants had no right to anticipate that he would allow more than was claimed.

Lyon *against* Clark.

*S. Beardsley,* for respondent. The obligors in the bond were principals and not sureties. The undertaking is that *they* will indemnify. On their refusal to pay the amount due by the condition, the whole penalty became a debt, which they should have paid, and on their refusal to pay it they became liable to it as a debt, and to pay interest upon it as damages for its detention. No point having been raised on the trial as to the date from which interest was to be computed, the defendants are precluded from raising one now. The allegation in the declaration that the money was paid December 18th, 1843, is not a material one. The statute (2 *R. S.* 378, § 6 *et seq.*,) presents no obstacle to the recovery of the interest. That governs "the proceedings on bonds, for the performance of covenants" but not the principles upon which a recovery depends. There is nothing in it inconsistent with a recovery of interest beyond the penalty.

WILLARD, J., delivered the opinion of the court. Lyon was not liable to the creditors of Banks, an absent debtor, beyond the amount of his indebtedness to Banks. To the extent of that indebtedness he was trusteed by Banks' creditors in Connecticut, as the trustee of Banks, and their object in serving him with a copy of this attachment process against Banks, was to compel him to pay to them, rather than to Banks, the amount of that indebtedness. The sum of eight hundred and eighty-nine dollars and eighty-seven cents was found to be due from Lyon to Banks, and this sum he was bound to pay to the attaching creditors of Banks, if their debts amounted to that sum. However large those debts, he could not have been made answerable beyond that sum. And if their debts fell short of it, there might have remained in his hands a balance which he was liable to pay to Banks.

In this state of things, Lyon paid over to the defendants the whole sum of $889·87, and received from them the bond in question, in the penal sum of six hundred dollars,

conditioned to save harmless and indemnify the said Lyon from each and every of the attaching creditors of Banks, against all costs, damages and expenses he, the said Lyon, might be put to or incur, on account of the proceedings instituted, or which might be instituted against Lyon as such trustee of Banks, by the attaching creditors of Banks. The spirit of the agreement was that the defendants, on receiving from the plaintiff eight hundred and eighty-nine dollars and eighty-seven cents, agreed to indemnify him to the extent of six hundred dollars against the demands then in prosecution. So soon as these demands were liquidated they were bound to pay them on notice, to the extent of six hundred dollars. The defendants were not liable beyond that sum, and if the claims had amounted to the whole indebtedness, the indemnity would have fallen short of the plaintiff's liability.

These debts, however, and costs, amounted to exactly six hundred dollars, and the defendants, on the 18th of November, 1841, were notified thereof, and requested to pay, which they refused. That sum was thereupon paid by the plaintiff, and he was permitted by the court below to recover that amount, together with interest thereon, by way of damage, and costs of suit. The plaintiff thus recovered the penalty of the bond and interest thereon, as damages beyond.

The defendants were in no sense sureties. Having received the whole amount for which the plaintiff could, under any circumstances, be made liable, they became the principal debtors, without a shadow of equity to relieve them from the strict rules of law.

The bond, though in form a bond of indemnity, was in truth a bond for the payment of money only. So soon as the debts of the attaching creditors of Banks were ascertained by judgment, and the defendants notified thereof, those aggregate amounts, not exceeding six hundred dollars, were payable. The obligors were not required to do any collateral act. They were merely to pay over the

Lyon *against* Clark.

money, when the amount was legally ascertained; their neglect or refusal to pay on being notified, placed them in the condition of any other obligors to a money bond who refuse payment.

The only question in the case is, whether in an action of debt on a bond, when the sum actually due by the condition, without interest, equals the penalty of the bond, interest can be recovered as damages beyond the penalty.

The *form* of a judgment in an action before the code, whether upon default or upon verdict, shows conclusively that the recovery *may* exceed the penalty. Though in general the damages recoverable were nominal; yet the fact that *any* were recoverable beyond the penalty showed that the penalty did not *always* limit the plaintiff's right. The usual course was to allow interest by way of damages, and on default, to tax it with the costs, with the plaintiff's assent. (*Holdipp* v. *Otway*, 2 *Saunders*, 106; *Markman* v. *Fleming*, 7 *Term*, 447; *Mower* v. *Kip*, 6 *Paige*, 92, 93.)

The apparent conflict in the cases, on the question whether a plaintiff can recover in debt on a penal bond a sum beyond the penalty, grows out of confounding actions on bonds for the performance of covenants, properly so called, with actions on bonds for the recovery of money only. In the former case the recovery is in general, if not always limited by the penalty, and in the latter it is not. An examination of the few of the cases will show that this is the true criterion by which the extent of the recovery may be ascertained.

Thus, in *Wilde* v. *Clarkson*, (6 *T. R.*, 304,) an action was brought on a bond given by the defendant and others to indemnify a parish against expenses on account of an expected bastard child, the court ordered satisfaction to be entered on the record, on payment of the penalty; and Lord Kenyon remarked that in actions on bonds, or on any penal sums for performance of covenants, the act 8 and 9, W. JJ, ch. 11, § 8, expressly says there shall be judgment for the penalty; and that the judgment shall stand as se-

curity for further breaches; but the obligor is not answerable, in the whole, beyond the amount of the penalty. In *Branguin* v. *Perrot*, (2 *Bl.* 1190,) on a bastardy bond the court made a like order. (See also 1 *Saun.*58, *nt. a. b. c.*) If the case of *Ld. Lonsdale* v. *Church*, (2 *T. R.* 377,) appears to countenance the notion that the recovery may exceed the penalty in a bond for the performance of covenants, it may be observed in the first place that the cases cited to support the doctrine by Buller, J., are cases when *interest* had been allowed beyond the penalty, and therefore do not sustain the doctrine; and in the second place, that the case itself has been overruled and disapproved in England repeatedly since. (*Wilde* v. *Clarkson*, 6 *T. R.* 304; *McClure* v. *Dunkin*, 1 *East*, 436; *Hefford* v. *Alger*, 1 *Taunton*, 218,) and in this state by *Clark* v. *Bush*, (3 *Cowen*, 151 )

In the case of *White* v. *Sealy*, (1 *Douglass*, 49,) the whole bond is not set out in the report, but from the opinion of Lord Mansfield it would appear to be a bond for the performance of covenants requiring the assignment of breaches under the statute of William. The judgment was discharged on the payment of the penalty and costs.

In *Warner* v. *Thurlo*, (15 *Mass.* 154,) which was debt on a replevin bond, the recovery was limited to the penalty. In *Clark* v. *Bush*, (3 *Cowen*, 151,) a bond to indemnify the retiring partner against all demands against the firm was held to be discharged on payment of the penalty. Both these cases are in harmony with the principle that the obligor, in a bond for the performance of covenants, properly so called, and when the condition is not satisfied by the payment of a sum of money certain, or capable of being redeemed to certainty, is not liable beyond the penalty. Numerous other cases may be suggested, where the propriety of restricting the recovery to the penalty is perfectly obvious. Bonds for prosecuting appeals or writs of error under the former practice, and undertakings, under the code, bonds given by public officers conditioned for the faithful discharge of their duties, are

Lyon *against* Clark.

all of this class. In these cases it is the plain intention of the parties that the penalty is the sum fixed, beyond which the obligors shall not be answerable. If they are ever answerable for interest beyond the amount of the penalty, it must be the interest accruing on the sum which they were bound to pay, and which sum has been unjustly withheld.

With respect to bonds conditioned for the payment of money, the obligor, if the debt be withheld until the sum payable by the condition, with interest thereon, exceeds the amount of the penalty, is liable therefor, though it exceeds the penalty. Thus, in *Francis* v. *Wilson*, (*Ryan and Moody*, 105,) the action was debt on a bond in the penal sum of £120, conditioned for the repayment of the same sum, with lawful interest; it was held that the jury might assess the interest by way of damages beyond the penalty Indeed in that case the interest would have been lost altogether if the penalty fixed the limit of the obligor's liability. It is true the bond in that case was conditioned to pay the debt *with interest*. But it is believed that can make no difference. If the *cause* of the breach be of a nature to carry interest, it falls within the same principle as if interest had been expressly named. It can not be material whether the interest be payable by *contract* or by the fixed principles of law.

In our own state the same doctrine was advanced in the early case of *Smedes* v. *Hooghtaling*, (3 *Caines*, 48.) That was an action of debt on a bond for the payment of money. The bond was given in 1776, and the action was commenced in 1802, and at the time of the trial the condition, together with the interest, exceeded the amount of the penalty. The question was whether the plaintiff could recover the whole sum due, or should be restricted to the penalty. The court held he was entitled to recover the whole sum. This case is quoted with approbation by the chancellor, in *Mower* v. *Kip*, (6 *Paige*, 93.) Savage, Ch. J., in *Clark* v. *Banks*, *supra*, seems to admit that there are

cases in which the plaintiff can recover beyond the penalty of a bond the interest thereon. The case of *Sands* v *Hooghtaling*, *supra*, was not brought to his notice.

In *The United States* v. *Arnold*, (1 *Gall. Rep.* 348, 360,) the circuit court of the U. S. sitting in Rhode Island, held that the United States could recover on a bond given for the payment of duties, so much above the penalty as the interest on the duties added thereto exceeded the penalty This judgment was affirmed on appeal by the supreme court of the United States, though the particular point about the amount of the recovery was not drawn into question. (9 *Cranch*, 104.)

The statute of proceedings on bonds for the performance of covenants, (2 *R. S.* 378,) does not impair the plaintiff's right of recovering the interest as damages, beyond the penalty. The 9th section is silent as to the nature of the damages which the jury are to assess. The judgment indeed is for the penalty, as in other actions of debt, and with a further judgment that the plaintiff have execution to collect the amount of the damages so assessed by the jury, which damages shall be specified in the judgment. The form of the judgment in this case is in conformity to the statute, and no question was raised here, as in the court below, upon the pleadings. From the description of the declaration it would appear that the plaintiff assigned breaches in his declaration setting forth the recovery of the judgment in Connecticut, and the payment thereof by the plaintiff afterwards, to wit, on the 18th of December, 1843, amounting to six hundred dollars. The defendant plead *non est factum*. The Revised Statutes, (2 *R. S.* 378, § 5) require that when an action shall be prosecuted in any court of law, upon any bond for the breach of any condition *other than for the payment of money*, or shall be prosecuted for any penal sum for the nonperformance of any covenant or written agreement, the plaintiff, in his declaration, shall assign the specific breaches for which the action is brought. The statute differs from the

Lyon *against* Clark.

8 and 9 W. III in not applying to bonds for the payment of money, and in requiring the assignment of breaches in the declaration when they are necessary. The assignment of breaches in this case does not change the nature of the claim. The plaintiff's right to recover grew out of the payment of money by the plaintiff, which the defendants were bound to have paid.

Interest was properly recoverable upon their demand, and it was rightly computed by the referee from the day when the defendants, having been notified, made default. This was the 18th November, 1841. The allegation in the declaration, that the plaintiff, "afterwards, to wit, on the 18th December, 1843," paid the said judgments, does not confine the plaintiff to that day. The time as a matter of pleading was immaterial. The plaintiff might allege any time after the judgments, had been obtained against him, which was in September, 1841, and give in evidence the true time. The cases on the subject of interest were fully reviewed and considered by the supreme court in *Reid* v *Rensselaer Glass Factory*, (3 *Cowen*, 393, 436,) and by the court of errors in the same case, 5 *Cowen*, 587. They were again reviewed in the more recent cases of *Van Rensselaer* v. *Jewett*, (5 *Denio*, 137, *and James* v. *Jones*, 2 *Barbour*, 643,) both of which were affirmed on appeal in this court, the first upon argument, and the last by default; (2 *Comstock*, 135.) There can be no doubt that interest was properly recoverable in this case.

The judgment of the New York common pleas must therefore be affirmed.

JOHNSON, J., read an opinion in which he arrived at the same conclusions.

MORSE, J., did not hear the argument.

Judgment affirmed.