## EMERSON *vs.* BOOTH and REEVE.

Where the plaintiff in an action for the claim and delivery of personal property, dies after the execution of an undertaking to him by the defendant for the purpose of regaining possession of the property, and before the trial, and another person is substituted in his place, as plaintiff, the person so substituted is the party entitled to recover, and as such, the undertaking takes effect in his favor as the plaintiff entitled to a return of the property.

The defendants' liability becomes fixed, on the recovery of a judgment by the plaintiff, either to return to the plaintiff the property, or to pay the value of the property to the extent of the penalty.

In an action upon an undertaking given by the defendants, in an action for the claim and delivery of personal property, judgment may be rendered for the penalty of the undertaking and interest thereon from the date of the judgment.

Points not raised on the trial, cannot be urged on appeal, for the first time.

APPEAL by the defendants from a judgment entered on the trial of this action before a justice of the court, at the circuit, without a jury. The action was brought upon an undertaking given by the defendants in an action for the claim and delivery of personal property, for the purpose of securing the delivery of the property described in it to the plaintiff in that suit, &c.

The justice found the following facts, viz:

1st. That on the 29th day of November, 1859, William Montgomery, of Yonkers, Westchester county, executed and delivered to Robert Grant, now deceased, a general assignment for the benefit of his creditors, the assigned property consisting in part of a machine shop, engines, machinery, tools and fixtures, known as "William Montgomery's Machine Works," in the village of Yonkers, and that on that day the said Grant, as assignee, took possession of the same, under and by virtue of said assignment.

2d. That on the 22d day of December, 1859, William Bleakley, then sheriff of the said county of Westchester, seized and took into his possession the said shop, machinery and works, under and by virtue of a certain execution issued out of the Supreme Court, in favor of one Alfred

Emerson *v*. Booth.

Booth, against the said Montgomery and one William Garrabrant, on the 17th day of December, 1859, for $2268.38.

3d. That on the 9th day of January, 1860, the said Robert Grant, as assignee, brought his action in the Supreme Court against the said Bleakley, sheriff, to recover possession of said property from him, and in said action claimed and required the immediate delivery to him, said Grant, of the property described in the complaint in this action, alleged to be of the value of not less than $3000, and of the real value of at least $15,000.

4th. That upon making such claim and requisition for the immediate delivery and possession of said property, said Grant executed and delivered for the benefit of said Bleakley, an undertaking in the penalty of $6000, as required by section 209 of the Code of Procedure, for the enforcement of the same; that the said requisition and papers upon said claim, including said undertaking, were delivered to William H. Lawrence, then a coroner of said county, and the said coroner took said property into his possession, under and by virtue of the same, and in pursuance of the statute.

5th. That on or about the 17th of January, 1860, the said coroner, still having possession of said property, and the said Bleakley requiring the return of said property to him, by virtue of the statute, the defendants, for the purpose of procuring the return of said property to said sheriff, executed and delivered to said Grant, assignee, a counter undertaking, as required by the 211th section of the Code of Procedure, in the penalty of $6000, conditioned for the return of said property to said Grant, (then plaintiff,) if delivery thereof should be adjudged, and for the payment of such sum as should for any cause be recovered against the said Bleakley, the defendant.

6th. That upon the receipt of said undertaking, and by virtue thereof, the said coroner delivered up to the said

Bleakley; the said property, and the said Bleakley again took the same into his possession.

7th. That on the 28th day of September, 1861, the said action for claim and delivery being still pending and undetermined in said court, the said Robert Grant departed this life.

8th. That on the 23d day of October, 1861, upon the petition of the said William Montgomery, and the written consent of said Bleakley, by a special order of the court for that purpose, duly made on that day, the plaintiff was duly appointed successor of said Grant in the execution of the trusts under the said assignment, pursuant to statute, and was duly substituted in the place of said Grant, as the plaintiff in said action, and that he then became, and ever since has been, the plaintiff therein.

9th. That such proceedings were thereafter had in said action, and upon such claim for the immediate delivery and possession of such property that on the 30th day of March, 1863, the plaintiff recovered a judgment therein against the said defendant, Bleakely, for the return of said property to said plaintiff, and if return thereof could not be had for the value thereof, assessed with damages of detention, at $16,229.05, and for his costs of said action adjudged at $1128.96, in all $17,358.01; that said judgment, in due form, was duly docketed in said county of Westchester, on the said 30th day of March, 1863, and still remains on record therein, and in full force.

10th. That on the 4th day of September, 1863, the plaintiff, by his attorney, duly issued and delivered to the present sheriff of Westchester county, an execution upon said judgment, commanding him to return the said property to the plaintiff, if a return thereof could be had, and to collect the damages and costs; and if a return thereof could not be had, then to collect the value thereof so assessed, together with the damages for detention and costs.

11th. That on the 31st day of October, 1863, the said sheriff returned the said execution to the office of the clerk of Westchester county, wholly unsatisfied.

12th. That said judgment and execution remain wholly unsatisfied, and that no part of said property has ever been returned to the plaintiff, but that the same has been disposed of by said Bleakley, and is incapable of being returned, and that no part of said judgment has ever been paid.

And as matter of law, the said justice concluded that the plaintiff was entitled to recover judgment against the defendant in this action, for the sum of six thousand dollars, being the penalty of said undertaking, together with one thousand one hundred and twenty dollars, the interest thereon from the 30th day of March, 1863, amounting in the whole to seven thousand one hundred and twenty dollars. And he directed that judgment be entered accordingly with costs, and an allowance of one hundred dollars.

*R. W. Van Pelt*, for the appellants.

*S. E. Church*, for the respondent.

*By the Court*, INGRAHAM, J. The substitution by the parties of Emerson as plaintiff, made him the party entitled to recover, and as such the undertaking took effect in his favor as the plaintiff entitled to a return of the property. The defendant's liability became fixed on recovery of the judgments—either to return to the plaintiff the property or to pay the value of the property to the extent of the penalty.

This point does not appear to have been made on the trial. If not it cannot be taken here, because it might have been obviated by further proof if necessary. There is nothing in the other objections, calling for any notice, except that in regard to the allowance of interest beyond

the penalty. The judgment was for a larger sum than the amount fixed in the undertaking. This warranted a recovery for the whole amount stated therein as the penalty. No more could be recovered thereon, either for principal or interest up to the date of the judgment, (*Lyon* v. *Clark,* 8 *N. Y. Rep.* 148,) inasmuch as the undertaking was not one merely for the payment of money, but conditioned for the return of the goods. (*See cases cited, pages* 153, 154.) That judgment was rendered on 30th March, 1863. In the present case, judgment was rendered for the plaintiff for the penalty of the undertaking and interest thereon from the date of the judgment. This was in accordance with the decision of the Court of Appeals in *Brainard* v. *Jones,* (18 *N. Y. Rep.* 35.) That action was on a replevin bond, and the recovery was for the penalty and interest. The defendants, although sureties, were held for interest beyond the penalty, upon the ground that after the recovey they were in default and bound to pay the penalty. A neglect to pay after that date made them in the wrong, and interest was due from them as in any other case, where money is not paid, when the creditor becomes entitled to it.

COMSTOCK, J. says: "The question is, what does the law exact of the obligor from an unjust delay in payment, after his liability is ascertained and the debt is actually due from him?" Interest was allowed in that case on the penalty.

Judgment should be affirmed, with costs,

[NEW YORK GENERAL TERM, January 6, 1868. *Geo. G. Barnard, Ingraham* and *Sutherland,* Justices.]