HOWARD B. WYMAN *vs*. WILLIAM B. ROBINSON, and others.

Kennebec.    Opinion May 9, 1882.

*Bond, judgment on.    Interest on the penalty.*

A recovery upon a penal bond may be had against principal and sureties for an amount exceeding the penalty, to the extent of the interest upon the penalty from the date of the breach; such interest being no part of the penalty, but damages for its non-payment after it has become due.

A plaintiff in replevin gave a bond for one hundred and ten dollars, while the goods replevied greatly exceeded that amount in value. The defendant in replevin recovered for the value of the goods against a third party, into whose hands the goods came, and the plaintiff in replevin paid that judgment. *Held*, to be no defense to an action upon the bond for the unsatisfied damages.

ON REPORT from superior court.

Debt on bond. Writ dated April 2, 1878.

March 12, 1874, the defendant Robinson replevied of the plaintiff a yoke of steers, alleging their value to be fifty-five dollars, and with the other defendants, Abram W. Heath and A. K. Swift, as sureties, gave the bond for one hundred and ten dollars, now in suit. Judgment was for the defendant for a return of the property replevied and one dollar damages, and costs of suit taxed at ninety-six dollars and sixty-two cents.

A writ of restitution issued August 27, 1877. The officer made return that he could not find the property and returned the writ unsatisfied. His fees thereon amounting to three dollars and forty cents.

May 23, 1878, the plaintiff commenced an action of trover against Franklin Bowan who had purchased the steers of Abram W. Heath for one hundred and twenty dollars, and of which sum Heath had deposited one hundred and ten dollars in the hands of an attorney to pay the obligation of the replevin bond.

The judgment in the action of trover was for one hundred and fifty dollars and interest from the time of the demand in August, 1877. Heath employed counsel to defend that suit, and paid the judgment therein rendered.

It was admitted that the value of the steers described in the bond in August, 1877, was one hundred and fifty dollars.

The law court were to draw inferences as a jury might, and render such judgment as the law and evidence legally admissible might require.

At the September term, 1878, the death of defendant Robinson was suggested and the suit was discontinued as to him.

*G. T. Stevens*, for the plaintiff, cited: *Lockwood* v. *Perry*, 9 Met. 440; *Cook* v. *Lothrop*, 18 Maine, 260; *Arnold* v. *Bailey*, 8 Mass. 145; *Mattoon* v. *Pearce*, 12 Mass. 406; *Smedes* v. *Houghtaling*, 3 Caines, 48 (2 Am. Dec. 250); *Graham* v. *Bickham*, 2 Yates, 32; 4 Dallas, 143; 1 Am. Dec. 328, note; *Brainard* v. *Jones*, 18 N. Y. 35; *State* v. *Sandusky*, 46 Mo. 377; *Tyson* v. *Sanderson*, 45 Ala. 364; *Hughes* v. *Wickliffe*,

11 B. Mon. 202; *Carter* v. *Carter*, 4 Day, 30; 2 Greenl. Ev. § 263, and cases there cited.

*H. M. Heath*, for the defendants.

The defendant Heath should not be compelled to pay the penal sum of the bond but once. That the bond was so small was no fault of his.

In no event can the judgment in this suit be rendered for a greater sum than the penalty of the bond. The decisions cited by counsel do not sustain his position.

The "note" in 1 Am. Decisions, page 328, cited by counsel, is fatal to his position. Pages 338 and 339 of note are devoted to a discussion of the question, "can the recovery exceed the penalty?" On page 339 it is said, "It is undoubtedly true as a general rule, that in actions upon penal bonds with collateral conditions, the plaintiff can never recover more in the shape of damages than the penalty. Bonds for the prosecution of appeals, bonds given by public officers for the faithful discharge of their duties, injunction and *replevin* bonds are of this class. *Branscombe* v. *Scarborough*, 6 A. & E. 13; *Balsey* v. *Hoffman*, 13 Pa. St. 603; *Clerk* v. *Bush*, 3 Cow. 151; *Fairlie* v. *Lawson*, 5 Cow. 424; *Farrar* v. *Christy*, 24 Mo. 474; *United States* v. *Magill*, Paine, C. C. 669," and then follow the words quoted by counsel. The whole context should be construed together, and when so taken is fatal to the plaintiff's position upon this branch of the case. Further, the cases cited by counsel are all instances of bonds conditioned for payment of money at a time certain, or that might be made certain by demand. Plaintiff never gave the surety opportunity to pay. Shall he profit by his own laches?

PETERS, J. The important question presented by this case, is, whether, in an action upon a replevin bond against principal and sureties, when the damages exceed the penalty of the bond, the recovery must be limited to the penalty, or whether it may exceed the penalty so far as to include interest upon the amount of the same from the date of the breach of the bond. We think the reasonable doctrine to be that, so far as necessary to secure the damages sustained by the obligee, the recovery may go

beyond the sum of the penalty, by allowing interest on such sum from the date of the breach; such interest not to be considered as any part of the penalty, but as damages for the non-payment or detention of the penalty after it becomes payable and due.

It is commonly said that the damages cannot exceed the penalty of a bond. Rightly understood, the statement is true. But what is the penalty in a bond for the payment of damages? It is the amount which the obligors agree to pay, if the whole penalty be needed for the purpose, for the damages sustained by the obligee by a breach of the bond, the amount to be paid as soon as the breach occurs. The obligee is to have the penalty at a particular and definite time. Immediately upon a breach of the bond the penalty is due to him. If he gets it then, he gets what the contract provides; if he gets it later, he gets less than what the contract provides. If, then, the penalty be paid after the breach, interest should be added for the detention of the penalty, to make it equivalent to a payment at the date of the breach.

After the penalty is forfeited, it becomes a debt due. The sureties then stand in the relation of principals to the obligee, owing him so much money then due. To ascertain the precise sum may require calculation, but that is certain which can be made certain. The rule, common to contracts generally, applies, that where money is due and there is a default in payment interest is to be added as damages. The defendants should pay damages for detaining the damages which they bound themselves to pay at a prior date. The penalty of the bond is payable because the principal did not fulfill his obligation; the interest is the penalty upon the sureties for not fulfilling theirs.

In some cases, courts appear to have been reluctant to allow the interest to commence before the date of the writ upon the penal bond. But why not, logically, from the default as well as from the date of the writ? Interest is allowable from the date of a writ, only because a defendant is considered in default from that date. Why not to be reckoned from an earlier date, if the default ante-dates the writ? In some cases, of course, it would not; in this case it does. It might as well be urged that the

costs of an action upon a bond should not be allowed, as that no interest should be, where the costs would carry the execution beyond the penalty named in the bond, for costs are as much of the nature of a penalty as interest is when interest is allowed as damages.

We feel strongly assured that the rule, as declared by us, is maintained by a great majority of the leading American authorities. There appears to be some obscurity and confusion in quite a class of cases, growing out of the want of distinction between what is debt or penalty, and what is merely damages for a detention of the debt or penalty some courts trusting to the general rule, without stopping to notice differences. Mr. Sedgwick seems to think that, by the English cases, the penalty is regarded as being the absolute limit of recovery (2 Sedg. Dam. 6th ed. 262). Still, there is some contrariety of view in the English cases, and Sergeant Williams struck the key of the doctrine, in his note to the case of *Gainsforth* v. *Griffith* (1 Saund. 51, note 1), saying: "But cases may occur, where the obligee may recover more than the penalty of the bond, as where, by the breach of the condition, the penalty becomes a real debt due from the obligor to the obligee."

It was decided in the early case of *Williams* v. *Willson*, 1 Vt. 266, that interest upon a penalty could be added to the amount of the penalty, as damages for detention. In *Perit* v. *Wallis*, 2 Dall. 252, SHIPPEN, J., expresses the idea in common sense terms, saying: "In short, the five thousand pounds (penalty), paid with interest at this day, is not, in fact or law, more than the five thousand pounds paid without interest, at the day it became due." In *Carter* v. *Carter*, 4 Day, 30, it was well stated by counsel, *arguendo*, that where the whole penalty is given, it becomes a liquidated sum, and, as such, will carry interest; and, in same case, it was said, *per curiam*, "The penalty becomes forfeited on the first breach; and as it then becomes a debt due unconditionally to the obligee, the court may allow interest from that time, but can never exceed the penalty with interest on it from the first breach."

In *Smedes* v. *Houghtaling*, 3 Caines, 48, it was admitted that interest might be recovered against a principal beyond the penalty

of a bond. It is difficult to appreciate any difference between the liability of a principal and that of a surety on a penal bond. The liability of all the obligors is expressed in precisely the same terms. In *Clark* v. *Bush,* 3 Cow. 151, SAVAGE, Ch. J., after reviewing such leading authorities as were in existence at the date of that case, says : " The weight of those authorities is, I think, in favor of the doctrine, that in debt on bond nothing more than the penalty can be recovered, at any rate, nothing beyond that and interest after a forfeiture, even against the principal obligor." The case of *Brainard* v. *Jones,* 18 N. Y. 35, a case upon a replevin bond, is like the case at bar, assimilating it in all particulars, and it was there determined, that interest could be added to the penalty from the date of the judgment in the original action, that being the date of the breach of the bond ; and the opinion in that case, after a clear and convincing argument of the question, concludes with these words : "The question, in short, is not what is the measure of a surety's liability under a penal bond, but what does the law exact from him for an unjust delay in payment after his liability is ascertained and the debt is actually due from him."

In *United States* v. *Arnold,* 1 Gall. 348, STORY, J., said : "Notwithstanding some contrariety in the books, I think the true principle supported by the better authorities, is, that the court cannot go beyond the penalty and interest thereon from the time it becomes due by the breach." In *Bank of United States* v. *Magill,* 1 Paine, (C. C. R.) 661, THOMPSON, J., gave interest only from the date of the action, upon the ground that there was no breach in that case till a demand was made, and no demand before the commencement of the suit.

In *Harris* v. *Clap,* 1 Mass. 307 is a very earnest and interesting discussion of the question, in which all the judges actively participated. SEWALL J., said : "This court, especially in a case where a surety may be affected, cannot exceed the express contract of the parties, and the *legal* effect of it. The penalty is recoverable by the express contract of the parties, and the damages, estimated at the lawful interest of the penalty, are the legal effects of their contract." STRONG, J., said : " What then is the law as to going beyond the penalty ? The law, as I understand it, says that every man who binds himself in a penalty

is *liable* to pay not only the whole penalty—the debt, but also the legal interest of it as damages for the detention. This rule of law extends to all cases where the condition of the bond is for the payment of money, or where the value of the condition, if I may so express it, is equally capable of being ascertained as though the sum had been expressed in the condition, which is the present case. When the surety entered into the bond he knew, or ought to have known, that he was bound to that extent." DANA, Ch. J., said: "In going beyond the penalty of the bond, the court do not go out of the contract, it is no more than the common case of a bond conditioned for the payment of money lying until the sum mentioned in the condition with interest of it exceeds the penalty, in which cases the court will give the excess as damages for the detention of the debt; in no case, however, going so far beyond the penalty as to exceed legal interest on the penalty. At law the penalty is the debt, and for the detention of the debt, damages real or nominal are always recoverable." *Pitts* v. *Tilden*, 2 Mass. 118, as far as the case goes, follows the line marked out in the preceding case, in respect to allowing interest upon a penalty after it becomes a debt.

In a *per curiam* opinion in *Warner* v. *Thurlo*, 15 Mass. 154, the court is erroneously made by the reporter to say, that it was decided in the case of *Harris* v. *Clap, supra*, that damages may be recovered beyond the penalty, not exceeding interest on the penalty from the commencement of the suit, while it is plain to be seen that it was decided by a majority of the judges sitting in that case, that interest should run from the breach of a bond, whenever the breach occurs prior to action brought. But the doctrine was not so firmly established at that day as to be positively accepted by courts without some shrinking in applying it to cases, especially in view of contemporaneous English decisions, positively affirming an adverse view upon the whole question. As before expressed by us, if interest be allowable at all upon a penalty, we cannot see why it should not commence when the defendant is in default for not paying the penalty. Of course, there may be instances where the penalty is not due till demanded, and bringing the action may be the first demand. But in the case now presented for our opinion, a breach is evidenced by the judgment in a previous action. The sureties knew then as well

as now just what their obligation consisted of. Another inconsistency is seen in some of the earlier cases, wherein the doctrine is declared that a greater amount may be awarded against a principal than against sureties upon the same bond, although bound in the same manner and by the same words.

But these illogical distinctions are not kept up in many modern cases. The text of Sedgwick on Damages is, in this respect, corrected by a qualifying note, upon page 262, vol. 2, 6th ed. cited *supra*, where may be found a citation of the principal cases upon both sides of the question. In Field on Damages, § 546, note, the rule deduced from a majority of modern cases is stated thus : "Interest on the penalty is now generally allowed, on the ground that, when there is a breach of the condition of a penal bond, the penalty becomes in law a debt due, and the obligors can discharge themselves from liability on the bond, when the damages exceed or equal the penalty, by the payment of the penalty alone ; and if it be not paid at the time of the breach, it should bear interest until paid." See cases there cited. See also, the case of *Bank of Brighton* v. *Smith*, 12 Allen, 243.

There is nothing in the point taken by the defendants, that the plaintiff should credit the value of the replevied goods upon the bond because he recovered their value of a third person who was indemnified by the principal defendant. The bond is collateral to the whole of the principal's liability. That recovery extinguishes or settles only a part of it. The plaintiff claims to recover the damages and costs awarded him by the judgment in the action of replevin, and an officer's fee on the writ of restitution, with interest thereon ; and is entitled to recover ninety-seven dollars and sixty-two cents, and interest from March 31, 1877, the date of the judgment therefor, and three dollars and forty cents, the officer's fee, and interest on that item from November 14, 1877.

> *Bond declared forfeited. Judgment for $110, the amount of penalty, as debt, and interest thereon, as damages, enough to make the amount recovered equal to the claims as above reckoned.*

APPLETON, C. J., WALTON, DANFORTH, BARROWS and LIBBEY, JJ., concurred.