476    APPELLATE COURTS OF ILLINOIS.

VOL. 82.] Standard Oil Co. v. Estate of Charlotte E. Holmes.

## Standard Oil Co. v. The Estate of Charlotte E. Holmes, deceased.

1. FOREIGN CORPORATIONS—*Objection to Suing in this State.*—The objection that a foreign corporation can not maintain a suit in the courts of this State until it has complied with the provisions of an act approved May 26, 1897, in relation to foreign corporations doing business in this State, must be made in the trial court. It can not be made in the Appellate Court for the first time.

2. SURETIES—*Liability in Excess of the Penalty in the Bond—Interest.*—Whether a surety at the time of his default can be held beyond the penalty of his bond, is a question involving the interpretation and effect of his contract. Whether interest can be computed after his default, when the effect will be thus to increase his liability, is a question of compensation for the breach of his contract. The American authorities very generally, if not uniformly, maintain the doctrine that at law, in action on a penal bond, interest may be recovered in the form of damages to an extent exceeding the penalty of the bond.

Claim in Probate.—Trial in the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Finding and judgment

for defendant; appeal by claimant. Heard in this court at the October term, 1898. Reversed and remanded with directions. Opinion filed May 22, 1899.

**Statement.**—This is an appeal from a judgment of the Circuit Court, disallowing a claim of appellant against the estate of Charlotte E. Holmes, deceased. The cause was appealed from the Probate Court to the Circuit Court, and was tried in the latter court by the court, without a jury, by agreement of the parties. The case was heard partly on an agreed statement of facts signed by the attorneys of the parties. The facts so agreed on are substantially as follows:

July 31, 1891, Charlotte E. Holmes, since deceased, and John Holmes, her husband, executed to Alfred D. Eddy a bond in the penalty of $1,000, conditioned as follows:

" The condition of the above obligation is such, That, Whereas, The said Alfred D. Eddy is about purchasing from said obligors the north one hundred and eighty-six and three-tenths (186 3-10) feet, of the west ninety-eight and thirty-three hundredths (98 33-100) feet of that part lying east of the railroad, of lot number seven (7) in School Trustees' subdivision of section number sixteen (16), township thirty-eight (38) north, range number fourteen (14) east of the third principal meridian, in Cook county, Illinois.

And whereas, the city of Chicago has commenced condemnation proceedings for the opening of a street through said lot number seven (7) in School Trustees' subdivision of section number sixteen (16) aforesaid,

Now, therefore, if the said John Holmes and Charlotte E. Holmes, his wife, shall and do pay all of the assessments, liens, judgments and demands of every kind and nature, that may at any time be levied or come against said premises, so as aforesaid purchased or to be purchased by said Alfred D. Eddy, by reason of the opening of said proposed street, and shall pay all judgments, costs, charges, damages or expenses whatsoever which may hereafter happen or come to or against said premises, by the reason of the opening of the said street, then this obligation to be void; otherwise to remain in full force and effect."

August 1, 1891, the said obligors, being then the joint owners in fee of said described premises, conveyed the same,

478 APPELLATE COURTS OF ILLINOIS.

VOL. 82.] Standard Oil Co. v. Estate of Charlotte E. Holmes.

by warranty deed, to Alfred D. Eddy. Eddy purchased said premises as the agent of appellant and for appellant, and November 22, 1891, he conveyed the premises and assigned the bond to appellant. The consideration for the conveyance to Eddy was $6,520.50, which amount was paid by him in cash, the money so paid being appellant's. The title was taken in Eddy's name merely for convenience. June 5, 1891, in pursuance of an ordinance passed by the city council of the city of Chicago, a condemnation proceeding; being the same mentioned in the above quoted condition of the bond, was commenced in the Circuit Court of Cook County for the opening of Armour avenue from Fifty-eighth street to Fifty-ninth street, which proceeding was, subsequent to February 25, 1892, dismissed, by reason of the repeal at the last mentioned date of the ordinance authorizing the same.

July 14, 1893, another ordinance was passed by said city council for the opening of Armour avenue from Fifty-eighth street to Fifty-ninth street; a petition was filed in the Circuit Court October 11, 1892, for the ascertainment of the cost of the improvement, and such proceedings were had that the damages or compensation to be paid for opening said Armour avenue between said streets was assessed by a jury at $14,771.55. Commissioners were appointed by the court to make a special assessment to pay said damages or compensation, and a special assessment was made by them accordingly, which included an assessment of $3,700 on the premises above described, which special assessment was duly confirmed. November 22, 1895, appellant paid to the county collector of Cook county $2,640.18, being in full for said said special assessment, and costs amounting to eighteen cents, less the sum of $1,060, which was accorded to appellants as compensation for the opening of said Armour avenue through said premises, and obtained from the said collector a receipt in full for $3,700, the amount of the special assessment against said premises. John and Charlotte E. Holmes had notice of said assessment and failed to pay the same, and appellant was compelled to pay the same, and

neither Charlotte E. Holmes, nor her husband, nor any one, has repaid said special assessment or any part thereof to appellant. The estate of Charlotte E. Holmes is being administered in the Probate Court, and the claim of appellant was duly filed in said court.

Alfred D. Eddy testified:

"My name is Alfred D. Eddy; I am counsel for Standard Oil Company, claimant in this matter. I was familiar with the location of the property described in the deed from Charlotte E. Holmes and her husband and William Brooker at the time the conveyance was made. When I purchased this property it was inaccessible from any street whatever, and the opening of Armour avenue from Fifty-eighth to Fifty-ninth streets would have made it accessible; and it was in view of that that I purchased it. There was no communication to the property along the line of the Rock Island railroad. I purchased the intervening property, between the property purchased of Holmes and Fifty-eighth street ,about the same time, and purchased it the same as I did this, for the Standard Oil Company."

Alfred D. Eddy, attorney for appellant, as to the question of the right to recover interest on the amount of the bond, which whole amount matured at the date of the payment of the assessment by the claimant, as said payment exceeded the amount of the penalty of the bond, submitted the following authorities: Star & Curtis' An. St., Chap. 74, Par. 2; Cassady v. School Trustees, 105 Ill. 560; Perit v. Wallis, 2 Dallas, 252; Book 1, L. R. Ed., U. S. Sup. Ct. Rep. 370.

A. D. Adkinson, attorney for appellee.

Mr. Justice Adams delivered the opinion of the court.

The validity of the special assessment levied against the premises conveyed by Charlotte E. Holmes and her husband to Alfred D. Eddy, and by Eddy to the appellant, is not questioned. Counsel for appellee objects that appellant is a foreign corporation, and can not maintain the suit

·480 APPELLATE COURTS OF ILLINOIS.

VOL. 82.] Standard Oil Co. v. Estate of Charlotte E. Holmes.

until it has complied with the provisions of an act approved May 26, 1897, in relation to foreign corporations doing business in this State, citing section three of the act. Bradwell's Laws of Ill., 1897, p. 133. It does not appear from the record that this objection was made in the trial court, and can not be made here for the first time. The same counsel objects that it does not appear from the agreed statement of facts, that the streets ordered opened by the ordinance of July 14, 1893, is the same street ordered open by the ordinance of June 5, 1891, and referred to in the conditions of the bond. This objection was made by counsel for appellee in the trial court, but no ruling on the objection was made by the court. The objection can not be sustained. It is recited in the conditional part of the bond that " The city of Chicago has commenced condemnation proceedings for the opening of a street through said lot seven (7) in School Trustees' subdivision of section number sixteen (16) aforesaid." It is recited in the agreed statement of facts, " That on June 5, 1891, a condemnation proceeding was commenced in the Circuit Court of Cook County, Illinois (being Docket No. 92,008), pursuant to an ordinance theretofore enacted by the city council of Chicago, for the purpose of opening Armour avenue from Fifty-eighth street to Fifty-ninth street in said city, the same being the condemnation proceedings mentioned in the said bond executed by said Charlotte E. Holmes and John Holmes, on the, said 31st day of July, 1891, as having been then commenced." * * * " That afterward, to wit, on the 14th day of July, 1893, another ordinance was passed by the said council of the city of Chicago, ordering said Armour avenue to be opened from Fifty-eighth street to Fifty-ninth street in front of said real estate, and on October 11, 1893, a petition for the ascertainment of the cost of opening said Armour avenue from Fifty-eighth to Fifty-ninth streets was filed in the Circuit Court of Cook County, Illinois (being docket No. 121,760), pursuant to said ordinance."

A plat attached to the stipulation of facts, referred to in the stipulation and made a part of it, shows that Armour

avenue, as ordered opened by the ordinance of July 14, 1893, is opened or extended through lot seven, and it appears from the stipulation of facts that the sum of $1,060 was awarded to appellant in the condemnation proceeding instituted in pursuance of the ordinance of July 14, 1892, as compensation for the opening of Armour avenue. Counsel for appellee, in his argument, substantially admits that this compensation was for part of appellant's premises taken for the street, saying: "This is an attempt to make this estate pay the claimant for its own property taken for a street." If part of appellant's property in lot seven was so taken, then the street was opened through lot seven. There is absolutely nothing in the objection. But appellee's counsel contend that the liability of the obligors in the bond to pay an assessment for the opening of the street, is limited by the conditions of the bond to an assessment made in the condemnation proceeding referred to in the conditions, and pending at the time of the execution of the bond, and that those proceedings having been dismissed, by reason of the repeal of the ordinance authorizing them, there is no liability. In support of this contention counsel cite: In re Estate of Charlotte E. Holmes, 79 Ill. App. 59, affirmed 179 Ill. 275. In that case the condition of the bond was essentially different from the condition of the bond in the present case. Consequently the decision in that case is inapplicable to the present case. The condition of the bond in question is to pay "all the assessments, liens, judgments and demands of every kind and nature that may, at any time, be levied or come against said premises so as aforesaid purchased by said Alfred D. Eddy, by reason of the opening of said proposed street," etc. Language more appropriate to include any and all assessments for the opening of the proposed street, whether pending at the date of the execution of the bond or thereafter to be levied, can not easily be conceived. The language is so plain that no room is left for construction. In the agreed statement of facts it is admitted that Charlotte E. Holmes and her husband had notice of the assessment and failed to

482 . Appellate Courts of Illinois.

Vol. 82.] Standard Oil Co. v. Estate of Charlotte E. Holmes.

pay it, and that appellant "was compelled to pay and did pay the said special assessment."

It is further admitted that in the proceedings in which the assessment was levied, the court had jurisdiction of the person of Charlotte E. Holmes and of all owners of the premises in question, so that Charlotte E. Holmes and her husband were bound to know when the assessment was payable. That it was payable before November 22, 1895, when appellant paid it, is evidenced by the fact, admitted by the stipulation, that appellant made payment to the county collector, which could only be after the premises had been returned to him as delinquent by the city collector. 1 S. & C.'s Stat., C. 24, par. 151–156.

Under these circumstances appellee's counsel claims that the special assessment which the obligors undertook to pay being largely in excess of the penalty of the bond, appellant is entitled to judgment for the penalty, with interest thereon from November 22, 1895, the date of payment by appellant. This claim is supported by the preponderance of American authority. Lyon v. Clark, 8 N. Y. 148; Brainard v. Jones, 18 Ib. (4 Smith) 35; Robbins v. Long, 16 N. J. Eq. 59; Gloucester City v. Eschbach, 54 N. J. L. 150; Wyman v. Robinson, 73 Me. 384; Burchfield v. Haffey, 34 Kan. 42; Sedgwick on Measure of Damages, 8th Ed., Vol. 2, Secs. 678, 679; 2 Sutherland on Damages, pp. 14–15, and authorities cited p. 15, n. 1.

In Lyon v. Clark, *supra*, the bond was to indemnify the obligees against the payment of money, and the court say :

"The apparent conflict in the cases, on the question whether a plaintiff can recover, in debt on a penal bond, a sum beyond the penalty, grows out of confounding actions on bonds for the performance of covenants, properly so called, with actions on bonds for the recovery of money only. In the former case, the recovery is, in general if not always, limited by the penalty, and in the latter it is not," etc.

Commenting on a like bond, the court, in Brainard v. Jones, *supra*, say :

"The rule has often been laid down in general terms, that

sureties are not liable beyond the penalty of the bond in which their obligation is contained. But on a careful examination of the reason and justice of the rule, it will be found inapplicable to a question of interest accruing after they are in default for not paying according to the condition of the bond. There is a plain distinction which has sometimes been lost sight of, and consequently some confusion and contradiction will be found in the cases on the subject. Whether a surety, at the time of his default, can be held beyond the penalty of his bond, is a question of the interpretation and effect of his contract. Whether interest can be computed after his default, when the effect will be thus to increase his liability, is a question of compensation for the breach of his contract."

The defendants in the case were sureties, the damages exceeded the penalty, and the court held the plaintiff was entitled to recover the penalty with interest thereon from the time of the breach.

In Robbins v. Long, *supra*, which was a bill in equity, a recovery was had for the penalty of a bond, with interest. The court say: " The American authorities very generally, if not uniformly, maintain the doctrine that at law, in an action on a penal bond, interest may be recovered in the form of damages to an amount exceeding the penalty of the bond," citing numerous cases.

In Hoxsey v. Patterson, 59 Ill. 522, the penalty of the bond was $3,602.55, and the condition was for the payment of that sum to the obligees, one-third in six, and the balance in twelve months from the date of the bond. The court held that the plaintiffs were entitled to recover the penalty with interest thereon from the time of breach. The difference between that case and the present is, that in the former the condition was to pay up an ascertained amount, while in the latter it is to pay an amount to be thereafter ascertained. This difference does not, as we think, distinguish the cases in principle.

Section 20 of the practice act relates only to penal bonds, conditioned for the performance of covenants, and has no application to bonds, like the one in question, conditioned for the payment of money. There is a clear distinction

between the two classes of bonds. Sutherland on Damages, Vol. 2, p. 14; Sedgwick on Damages, Vol. 2, Sec. 679; Lyon v. Clark, 8. N. Y. 152.

The judgment will be reversed, with directions to the Circuit Court to enter judgment in favor of appellant for the sum of $1,000, with interest thereon at the rate of five per cent per annum from November 22, 1895, till the entry of judgment, to be paid in due course of administration as a claim in class seventh. Reversed and remanded with directions.