BRAINARD *v.* JONES and another.

The recovery against a surety in a bond for the payment of money is not limited to the penalty, but may exceed it so far as necessary to include interest from the time of the breach.

So far as interest is payable by the terms of the contract, and until default made, it is limited by the penalty, but after breach it is recoverable, not on the ground of contract, but as damages, which the law gives for its violation.

APPEAL from the Supreme Court. The defendants were sued as the sureties of one Ramsdell, in a replevin bond, dated June 17, 1847, conditioned to pay such sum of money as might be recovered against Ramsdell, and in the penalty of $2,000. Judgment was rendered against Ramsdell in the replevin suit, for $1,826.75, June 6, 1851. A demurrer was interposed to the complaint, which having been overruled, and the defendants not answering, the plaintiff's damages were assessed by the clerk of Erie county. He reported that $500 had been paid on account of the plaintiff's claim, on the 3d day of April, 1852; that the amount of the judgment against Ramsdell, with interest from its date, after deducting such payment as of the date when it was made, was $2,342.12; that the plaintiff claimed to recover that amount, but that he, the clerk, decided that the plaintiff could not recover an amount which, with the $500 paid, exceeded the penalty of the bond, and he assessed the damages at $1,500. The plaintiff filed exceptions to the clerk's report, and appealed from his decision. The clerk's assessment was sustained at special term, and the judgment entered thereon was affirmed, upon appeal, at general term in the eighth district. The plaintiff appealed to this court. The case was submitted on printed arguments.

*Delavan F. Clark*, for the appellant.

*Charles Daniels*, for the respondents.

COMSTOCK, J. The rule has often been laid down in general term, that sureties are not liable beyond the penalty of the bond in which their obligation is contained. But on a careful examination of the reason and justice of the rule, it will be found inapplicable to a question of interest accru- ing after they are in default, for not paying according to the condition of the bond. There is a plain distinction which has sometimes been lost sight of, and consequently some confusion and contradiction will be found in the cases on this subject. Whether a surety, at the time of his default, can be held beyond the penalty of his bond, is a question on the interpretation and effect of his contract. Whether interest can be computed after his default, where the effect will be thus to increase his liability, is a question of com- pensation for the breach of his contract.

In this case the defendants' bond was conditioned that Ramsdell should pay whatever sum might be recovered against him in a certain action of replevin. If the sum recovered against Ramsdell had been greater than the penalty of the bond, such penalty would, nevertheless, have been the measure of their liability at that time. But on the recovery of the judgment, their obligation was mature. Its utmost extent *then*, was the penalty under which they had bound themselves for the payment by Ramsdell. But, after that, they were in default, and during the continuance of that default, interest is due from them as in any other case where money is not paid when the creditor becomes entitled to it. It may be a reasonable doctrine, that a surety who has bound himself under a fixed penalty for the payment of money or some other act to be done by a third person, has marked the utmost limit of his own liability. But when the time has come for him to discharge that lia- bility, and he neglects or refuses to do so, it is equally rea- sonable, and altogether just, that he should compensate the creditor for the delay which he has interposed. The legal measure of this compensation is interest on the sum which

Brainard v. Jones.

he ought to have paid from the time wnen the payment was due from him.

In *Clark* v. *Bush* (3 *Cow.*, 151), one McCracken, with Barney as his surety, had given to Bush a bond of indemnity against certain debts and demands. It appeared that the surety had paid upon the bond a sum equal to the penalty, and the question was, whether he was liable beyond the penalty, it appearing that the debts indemnified against amounted to a greater sum. It was held that his liability was discharged by the payments made. This was in accordance with the general rule which has been so frequently laid down. But there was no question of computing interest against the surety as a compensation for his own default. If the debts indemnified against had just equaled the penalty of the bond, and the surety had for a long time refuseo or neglected to indemnify as he had agreed, a very different question would have been presented. In that case he performed his contract in full, and he was held discharged. In this case there has been a non-performance for a long course of time, persisted in by defending a suit brought to compel performance, and the law is not so unreasonable as to withhold compensation for this delay.

Returning to the distinction already mentioned, interest may be due, first, by contract express or implied from a course of dealing and the relations of parties; second, the law may exact it from a party who is in the wrong, by withholding money or value due from him to another. In the latter case, it is allowed as the just measure of damage for the violation of duty or contract; and sureties can claim no exemption from the rule. So far as interest is provided for in the contract, a limit to their liability may be found in the penalty which is a part of the same contract. But when the sum claimed becomes a debt actually due from them, and they continue in default, the question, properly considered, is one of damages for the delay. As the law in imposing these damages finds its warrant, not in the terms

of the contract, but in the rules of reason and justice, so it must follow that the same rules furnish the only restraint upon its power in such cases. The question, in short, is, not what is the measure of a surety's liability under a penal bond, but what does the law exact of him for an unjust delay in payment after his liability is ascertained and the debt is actually due from him.

We have not overlooked other cases in this state, one or two of which may seem opposed to the conclusion at which we arrive. They were, however, but very slightly considered, and were determined without any examination of the principles which the subject involves.

The judgment of the Supreme Court must be reversed, and a reassessment of damages ordered.

SELDEN, HARRIS and STRONG, Js., expressed no opinion; all the other judges concurring,

        Judgment reversed, and reassessment ordered.