By the Court.—Freedman, J.
The appeal being from the judgment only, the only question we are called upon to determine is the liability of the appellant for interest upon the amounts guaranteed. His offer to allow a verdict to be taken for the items referred to in the complaint, without interest, was an admission that such items were correctly charged. The sale to the corporation of the town of Sumter was pleaded to have been a sale for cash, and as such, in the absence of proof that in point of fact it involved a credit, as to which the burden was on the defendants, it created an immediate liability. The salé of goods for which, without the knowledge or consent of the plaintiff, notes were taken, created a liability for the several amounts of said notes at and from the time of their maturity. Ho reason has been shown why interest should not run from the time at which the defendants as guarantors became liable to pay. Their liability attached the instant there was a default of the principals, and such liability is commensurate with that of the principals. Besides, the moment the defendants made default, they became themselves chargeable with interest. Brainard v. Jones, 18 N. Y. 36, is an authority upon this point.
The judgment should be affirmed, with costs.
Sedgwick, J., concurred.