### FURBER *v.* MCCARTHY *et al.*

*(Supreme Court, General Term, First Department. December 31, 1890.)*

&#x2517; **UNDERTAKING ON ARREST—PENALTY—LIABILITY OF SURETIES.**

   An undertaking by parties to pay all costs and damages that may be awarded against the plaintiff, in an action wherein the defendant is arrested and imprisoned, includes as well costs incurred upon an application for a new trial as those incurred in the trial itself; and so, in an action for the penalty, the plaintiffs in the original suit having paid the costs of such application as well as those of the trial, the defendant's sureties were properly allowed credit therefor upon the amount of such penalty.

*b.* **SAME—INTEREST ON JUDGMENT.**

   Where the condition of an undertaking is to pay all costs and damages which may be awarded to the defendant by reason of his arrest and imprisonment in a civil suit, interest will attach to a judgment therein in favor of the defendant, as a legitimate item of damages.

Appeal from trial term.

Action by Arthur Furber against Alexander McCarthy and another, tried before Justice BEACH, without a jury. There was judgment for plaintiff. Defendants appeal. For former reports, see 4 N. Y. Supp. 274; 5 N. Y. Supp. 947; 7 N. Y. Supp. 613; and 8 N. Y. Supp. 932.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*E. P. Johnson*, for appellant. *Arthur Furber*, in person, respondent.

BRADY, J. The appellants claim that the conclusions of law and judgment rendered are not justified by the facts found. The action was brought upon an undertaking which was given on the arrest of the defendant in the action, and which was executed by the defendants. The defendant in the action in which the undertaking was given succeeded at the trial, and judgment was rendered in his favor for $122.45 costs, June 1, 1885. The plaintiffs in that action moved for a new trial, and the motion was denied, with costs. An appeal from this order was taken, which, upon due consideration, was affirmed. The amount of costs awarded to the defendant in the proceeding was $84.98. These were paid to the plaintiff, who was then the plaintiff's attorney, together with the costs of the judgment, amounting in all to $210.94. The court held on the trial that the appellants were entitled to be credited upon their liability on the undertaking with the amount of costs included in the judgment claim, $122.45, but not for the additional amount awarded to the defendant in arrest on the motion for a new trial and the appeal therefrom, with the interest paid by them, amounting to $88.49. The court also rejected a note for $250 made by the defendant in arrest then before it, who was then and still is totally insolvent, and which note, and the right of action thereupon, were assigned to the appellants, the sureties on the undertaking. The claim of the defendant in arrest, springing from the undertaking, was assigned to the present plaintiff, and this action commenced on the 18th of November, 1886. The appellants claim that they were entitled to set off the note to the extent of the liability on the undertaking. But the court, upon a former decision of the general term in this case, held otherwise, and it is not intended on this appeal to reconsider that question. The condition of the undertaking is that, if the defendant in the action recover judgment, or it is finally decided that the plaintiffs are not entitled to the order of arrest, the plaintiffs will pay all costs which may be awarded to the defendant, and all damages which he may sustain by reason of the arrests in said action, not exceeding the sum of $250. The question whether the additional costs mentioned should be deducted from the amount of the defendant's responsibility on the undertaking has substantially been disposed of. *Baere v. Armstrong*, 26 Hun, 19. The undertaking was that the plaintiffs would pay all such costs and damages that might be awarded; which means all the costs that might legitimately be contracted during the progress of the action, and this includes the application for a new trial, which, the sum of the costs amounting to $84.98, resulted from that proceeding. The charge is neither unusual nor extraordinary, and therefore embraced within the language of the undertaking, though not independent of it. The question decided in the case cited was that the defendants had a right to prove that their principal paid the costs awarded upon a motion to discharge the attachment and upon two appeals. The evidence was rejected, and exception taken, and upon that exception, and for nothing else, the judgment in favor of the plaintiff was reversed. The refusal to credit, therefore, the sum of $84.98 upon the undertaking was erroneous. The interest seems to have been properly allowed. The condition of the undertaking, as we have seen, is that, if the defendant in the action recover judgment therein, the plaintiffs will pay all costs which may be awarded to the defendant, and all damages which he may sustain by reason of the arrest in the action, not exceeding $250. When the judgment was entered, therefore,

the liability of the sureties was established, and the interest became a legitimate item of damage. *Brainard* v. *Jones*, 18 N. Y. 35. COMSTOCK, J., said in that case: "The rule has often been laid down in general terms that the sureties are not liable beyond the penalty of the bond in which their obligation is contained. But, on a careful examination of the reason and justice of the rule, it will be found inapplicable to a question of interest accruing after they are in default for not paying according to the condition of the bond." "In this case," continued the learned justice, "the defendant's bond was conditional that Ramsdell should pay whatever sum might be recovered against him in a certain action of replevin. If the sum recovered against Ramsdell had been greater than the penalty of the bond, such penalty would nevertheless have been the measure of their liability at that time. But on the recovery of the judgment their obligation was mature. Its utmost extent, then, was the penalty under which they had bound themselves for the payment by Ramsdell. But after they were in default, and during the continuance of that default, interest is due from them as in any other case where money is not paid where the creditor becomes entitled to it." The case of *Poillon* v. *Volkenning*, 11 Hun, 385, is not antagonistic to this doctrine. It is in accord with it. There it was provided that the damages for which the sureties became responsible should be ascertained by a reference or otherwise, as the court should direct; and it was held that the sureties were liable for interest on the amount of damages from the time only that they were ascertained in the manner provided for by the undertaking, and not in excess of that. For these reasons the judgment must be reversed, and a new trial ordered, without costs of this appeal to either party. All concur.