(Hamilton County Court of Common Pleas.)
October Term, 1897.

## BERGER v. COMMERCIAL BANK OF CINCINNATI, et al.

If, before the institution of a suit to assess the double liability of stockholders in an Ohio corporation to pay corporate creditors, it is not known that the stockholders must be assessed in the maximnm amount, and tht t fact is not ascertained until the report of the referee comes in, interest can be charged against stockholders only from the date of the confirmation of the referee's report.

HOLLISTER, J.

This suit was brought by a creditor of the Commercial Bank in behalf of all creditors, to enforce the double liability of its stockholders under the constitution and laws of Ohio. The referee found that all *solvent stockholders within the jurisdic*tion of the court were liable in a sum equal to the par value of the stock held by each, and interest from the date of the commencement of the suit. The judgment of the referee was affirmed in other respects by this court; but the question of the propriety of requiring the stockholders to pay interest from that date was, by consent of counsel, continued for further hearing.

At that hearing it was the contention of counsel for the stockholders that the proper time for the computation of interest was the day on which the decree ascertaining the amount of the liability and rendering judgment therefor, was passed. While it is admitted that the supreme court has held that when the aggregate of the debts is a sum greater than the maximum assessment permitted by law, interest may be collected from the commencement of the suit (Mason v. Alexander, 44 Ohio St., 318), yet, it is claimed that the facts in that case and the other reported cases in Ohio differ so materially from the facts here, that those cases do not furnish the true rule to be applied to this.

In making this contention the defendants put the proposition that in cases in which the liabilty of stockholders is known before the suit is brought to be equal to the face value of the stock, interest will follow from the date of the institution of the suit; but when the ascertainment of that fact must await the findings of a referee, interest should be allowed only from the date of the confirmation of his report.

It is urged that the facts in the cases in which the rule has been announced show in every instance that it was apparent before the suit was brought that the maximum liability would be the measnre of the creditors' recovery. In Mason v. Alexander, the stockholders contended that the liability was strictly statutory, enforcible only by the decree declaring it, and until the liability was declared, no interest could at-

tach. The creditors claimed that the obligation was in the nature of a contract, maturing at the time of the insolvency of the corporation. and that interest began to run from maturity. The court, remarking the difficulty of the question, did not feel disposed to discuss it, adopted the decision of the Superior Court of Cincinnati, in Wehrman v. Reakirt, 1 C. S. C. R., 230, and observed that as the rule holding stockholders liable for interest from the commencement of the suit "had been generally acquiesced in as furnishing the true rule, we are not prepared to say it is not the law in this state."

The conclusion in Wehrman v. Reakirt was founded on Burr v. Wilcox, 22 N. Y., 551. In that case it was held, that where the debt exceeds the liability of the stockholder, interest follows from the commencement of the suit, for the reason, put by Selden, J. :

"The creditor has a right to select among the stockholders the individual against whom he will proceed; and, until he has made his selection, no particular stockholder is liable, and hence no interest can be allowed for any previous time. But, from the time of the commencement of a suit for a debt exceeding the amount of the principal of the defendant's stock. I can see no reason why interest should not be allowed. It has then become a fixed liability for a specific amount, and ought, upon general principles, to carry interest."

But in Ohio the creditor has no right of selection at all; he must bring his suit in behalf of all creditors and against all stockholders, who, as against each other, have the right of contribution, Umstead v. Buskirk, 17 Ohio St., 113; Bonewitz v. Bank, 41 Ohio St., 78, and are entitled to have all parties brought in who are necessary to a final determination of the rights and liabilities of all the parties in interest, Wheeler v. Faurot, 37 Ohio St., 26. It is often necessary also, to ascertain the certain debts for which certain creditors are liable, Harold v. Stobart, 46 Ohio St., 397. A case might arise in which the creditors were few, the amounts due them undisputed or certain, and in which no doubt existed as to the exact liability and solvency of each. In such case it might be said that the liability was fixed; but in most cases the ultimate rights of the parties and the amount of the recovery cannot be ascertained except by "the methods and machinery of a court of equity."

The Supreme Court say, in Younglove v. Lime Co., 49 Ohio St., 623: "The action is an equitable one. in which all the creditors and stockholders must be parties, and the court may withhold final judgment until the exact amount each stockholder shall pay can be ascertained, or so mould its decree as to require the several stockholders to pay their proper proportion of the liabilities remaining after the application of all the assets of the corporation toward their satisfaction, and retain control over the cause and the parties until their ultimate rights shall be determined and adjusted."

So, ordinarily, until the referee of a court of equity, or the court itself, shall have made an investigation, it may not be known whether the maximum assessment is necesary or not, and consequently, whatever the final fact may be, the liability could not have been fixed for a sum certain at the time the suit was brought. It appears from the decision in Wehrman v. Reakirt, and from the record, furnished by the diligence of counsel in this case, in Mason v. Alexander, that a referee was appointed in each case to ascertain the liability of stockholders.

If it be true that in these cases it was not known when the suit was brought that the liability of each solvent stockholder within the jurisdiction of the court, must be a sum at least equal to the full face value of the stock, then the reason given in Burr v. Wilcox, for the allowance of interest from the day the suit was brought, fails to apply to those cases. If the fact was apparent when the suits were brought, that in any event the stockholders must respond to the maximum liability, the bringing of the suit may be regarded as a demand (Barrick v. Gifford, 47 Ohio St., 180), for a fixed sum, known at the time. For a decision of the question in controversy under the state of facts last mentioned, Burr v. Wilcox, is directly authorative.

Inasmuch as the Supreme Court, and the Superior Court of Cincinnati, respectively, based their decision on that case, we are led to believe that the facts before those courts showed that at the time the respective suits were instituted, it was an ascertained fact that all solvent stockholders amenable to the process of the court must be assessed in full. The petition in Mason v. Alexander, definitely alleges that the indebtedness of the corporation was over $27 000, and that the shares of stock held by stockholders aggregated $22,000. The statement of the facts by the court in Wehrman v. Reakirt, is not so clear; but if Burr v. Wilcox is authority for the decision, the ultimate fact of the amount of the liability must have been apparent at the time the suit was brought.

Assuming then, that in those cases it was known before each suit was brought, that each stockholder must be assessed in full, Mason v. Alexander does not preclude search for the true rule to be applied to a case in which, as in the case at bar, the amount of the liability cannot be fixed until the court has ascertained what it is. It is easy to understand why a debtor should pay the interest on a sum which is fixed and for which a demand has been made. If he delays, he, of course, subjects himself to the penalty of interest for withholding money justly due another.

The language of sec. 3181, Rev. Stats., requires the payment of money when it is "due and payable" or interest will be added from such time. The obligation of the

stockholder is contractual in its nature, Brown v. Hitchcokc, 36 Ohio St., 667; Hawkins v. Furnace Co., 40 Ohio St., 507, 514; Beach v. Mod. Law Cont., sec. 1084. The right to enforce the liability accrues either after judgment against the corporation and execution returned unsatisfied, or when the corporation is insolvent, has ceased to do business, and has made an assignment for the benefit of creditors, Barrick v. Gifford, 47 Ohio St.,180; Morgan v. Lewis, 46 Ohio St., 1; and, after the right has accrued, the creditor may proceed at once to enforce it, although, as yet, the assets of the corporation may be in process of collection and distribution, Younglove v. Lime Co., 49 Ohio St., 663.

While in one sense the money is due when the right of action to recover it accrues, yet it cannot justly be said to be payable until the debtor knows how much is due from him. It is always within the power of a debtor to stop the running of interest by making tender of the amount due, and the law requires great exactness in the amount tendered. If he does not and cannot know the sum in which he is indebted, and yet is required to pay interest from the day the liability is sought to be charged to him, he is deprived of a legal right. It is a matter of common knowledge among lawyers that usually in an action of this nature, the case is only brought to final decree after the litigation of many questions arising upon the various rights of stockholders as among themselves and with respect to different classes of creditors, invovling long and tedious delays. The assets of the corporation should be definitely ascertained, and applied pro tanto, and in the meantime the stockholders, perhaps willing to pay, must wait while the court retains "control over the cause and the parties until their ultimate rights shall be determined and adjusted." At the end, it may be of years, the final decree fixes the liability at its maximum; a receiver is appointed, and for the first time a demand is made for a fixed sum. The entering of the decree is the first notice the stockholder has that his liability has been fixed at double the amount of his stock, and it is only justly payable at that time.

Again, the suit is brought by one creditor for the benefit of all creditors. The plaintiff cannot give a valid discharge to a stockholder if he desired to pay his liability before judgment. The statute does not provide for any way of discharging the obligation before judgment. The stockholder, although he may be willing to pay, cannot do so until a receiver is appointed after judgment. For these reasons, therefore, the stockholders in this case should pay interest from the date of the decree confirming the referee's report.

I am not unmindful of the difficulties of the situation, nor lacking in appreciation of the language of the Supreme Court in Mason v. Alexander, that the rule allowing interest from the date of filing the suit has received general acquiescence. But, as justice requires that this case should be distinguished from that, if possible, I have sought to make a distinction in order to avoid the unjust operation of a rule which, on its face, seems to apply to all cases, but when its underlying reason is sought, only applies to cases involving a certain state of facts. As applied to cases wanting in the facts which give reason to the rule, a basis for decision is laid, which, when applied to a different state of facts, fails on principle and is arbitrary and unjust in the extreme. It cannot, for a moment, be supposed that the Supreme Court intended that its mere ipse dixit should establish a precedent to be followed in all cases, and the subordinate courts may with propriety reject a rule not applicable to the facts in the case before them. And decisions elsewhere are not wanting to support the conclusion reached in this case.

In Casey v. Gallia, 94 U. S., 673, an action brought by the receiver of a National Bank to enforce the double liability of stockholders, it was held that the amount due from the stockholders was conclusively fixed by the order of the comptroller of the currency, and bore interest from that date. The court say at page 677: "The sum to be paid being liquidated, and due and payable when the comptroller's order was made, it follows that the amount bears interest from the date of the order," and in Cleveland v. Burnham 64 Wis., 347, the court, after adopting the principle of its former decision in Clark v. Williams, 59 Wis.,543, that interest should be allowed even where the amount of recovery with interest exceeds the penalty of the bond, and the rule in Brainard v. Jones, 18 N. Y., 35, that interest is payable by a debtor for "his unjust delay in payment after his liability is ascertained and the debt is actually due from him" say at page 361: "In accordance with that principle the liability of the defendant as a stockholder, to the plaintiffs became fixed and certain, and his indebtedness to them became liquidated and due, from the date of the judgment by which it was ascertained that the assets and property of the bank had been exhausted, and the indebtedness of the plaintiffs on the balance of the judgment exceeded the amount of the defendant's stock." Accordingly interest was allowed from the date of judgment. The question was directly involved in National Commercial Bank v. McDonnell, 92 Ala., 387. The court reviewed Casey v. Galli, Cleveland v. Burnham, and Burr v. Wilcox, and deduced from them the principle common to all; "that the sum bears interests from the time the liability is liquidated, and a specific amount fixed, though its application may be varied by the provisions of the respective statutes." The further language of the decision is so apt as to warrant extended quotation. At page 398, it is said: "Our statute provides that all contracts, express or implied, for the payment of money, bear interest from the

day such money should have been paid. Code, sec. 1750. Interest is allowed as compensation for withholding the principal, and follows as an incident from the time the principal is ascertained to be due. The stockholder cannot know what sum he is liable to pay, until the claims against the corporation, existing at the time of dissolution, are judicially ascertained. When this is done, and not till then, the principal becomes due and payable."

This case furnishes the true rule to be applied to the question in controversy. But if so it be that the conclusion as based on these reasons is incorrect, there is one insurmountable obstacle to the recovery of interest in this case.

Section 5060, Rev. Stat., setting forth the requisites of a petition, prescribes that it shall contain "A demand for the relief to which the party supposes himself entitled; if the recovery of money is demanded, the amount shall be stated, and if interest is claimed, the time for which interest is to be computed shall be also stated." The petition is silent as to interest, both in statement and prayer, and the plaintiff is not entitled to it until judgment.

A decree may be entered in accordance with this decision.